LOVINS et al., Appellees,

v.

KROGER COMPANY, Appellant.

[Cite as *Lovins v. Kroger Co.*, 150 Ohio App.3d 656, 2002-Ohio-6526.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19184.

Decided Nov. 27, 2002.

Mark A. Anthony, for appellees.

Raymond C. Freudiger, for appellant.

BROGAN, Judge.

{¶ 1} This matter comes before the court upon the Kroger Company's appeal from the trial court's entry overruling its combined motion for judgment in accordance with an arbitration award and motion to strike a post-arbitration notice of voluntary dismissal without prejudice.

{¶ 2} In its sole assignment of error, Kroger contends that the trial court erred in refusing to strike the appellees' Civ.R. 41(A)(1)(a) notice of voluntary dismissal without prejudice, as the notice was filed after the entry of a verdict in Kroger's favor.

{¶ 3} The record reflects that appellees Homer and Nettie Lovins commenced the present action after Homer slipped and fell at two different Kroger stores. In their complaint, the appellees asserted claims for negligence and loss of consortium. The matter proceeded to arbitration pursuant to Montgomery County Civil Procedure Rule ("M.C.C.P.R.") 2.35. On October 22, 2001, an arbitration panel rendered a defense verdict and awarded the appellees no damages. The appellees did not appeal the arbitration decision within 30 days, as permitted by M.C.C.P.R. 2.35(XI)(A). Instead, on November 29, 2001, they filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A). In response, Kroger filed its combined motion for judgment in accordance with the arbitration award and motion to strike the notice of dismissal. In a brief December 20, 2001

entry, the trial court overruled Kroger's combined motion, reasoning that the appellees were entitled to dismiss the action without prejudice, under Civ.R. 41(A)(1)(a), because trial had not commenced. Kroger then filed a timely appeal, advancing the assignment of error set forth above. The appellees have not favored us with a brief in this matter.

{¶ 4} Before turning to the merits of the present appeal, we pause briefly to consider a jurisdictional issue addressed by Kroger, to wit, whether the trial court's entry overruling its motion to strike the notice of voluntary dismissal is a final, appealable order. Ordinarily, a dismissal without prejudice is not an adjudication on the merits and, therefore, is not a final, appealable order. *Hutchins v. Delco Chassis* (Feb. 7, 1997), Montgomery App. No. 15953, 1997 WL 47446; *Christian v. McFarland* (June 20, 1997), Montgomery App. No. 15984, 1997 WL 337654. Indeed, following a voluntary dismissal without prejudice, an action is treated as if it never had been filed. *Giambrone v. Spalding & Evenflo Co., Inc.* (Apr. 18, 1997), Miami App. No. 96CA08, 1997 WL 189465. In addition, we have held that the denial of a motion to vacate a non-final order is, itself, not a final, appealable order.[1] Id.

{¶ 5} Despite the foregoing rule, we conclude, under the unusual facts of the present case, that the trial court's order denying Kroger's motion to strike the appellees' notice of voluntary dismissal is a final, appealable order under R.C. 2505.02(B)(1). That provision defines a final, appealable order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In the present case, the trial court's refusal to strike the notice of voluntary dismissal affects Kroger's substantial right in this action to have judgment entered in its favor, pursuant to M.C.C.P.R. 2.35(X)(F), as a result of the arbitration panel's unappealed decision.[2] The trial court's order also plainly determined the action and prevented a judgment in favor of Kroger.

{¶ 6} As noted above, a voluntary dismissal without prejudice normally is not a final, appealable order because it is not an adjudication on the merits and it leaves the parties as if the action never had been commenced. In the present case, however, these same characteristics are precisely what make the trial court's refusal to vacate the notice of voluntary dismissal a final, appealable order. As we will explain more fully, infra, under the Local Rules the arbitration panel's decision became final, and had the legal effect of a jury's verdict, when the appellees failed to appeal the decision. At that time, Kroger possessed a legal

---

1. This situation sometimes arises when a plaintiff files a notice of voluntary dismissal and later seeks to have the dismissal vacated pursuant to Civ.R. 60(B). See *Christian,* supra.

2. We will address M.C.C.P.R. 2.35(X)(F) in more detail in our discussion of the merits, supra.

right under M.C.C.P.R. 2.35(X)(F) to have final judgment entered in its favor. By filing a notice of voluntary dismissal under Civ.R. 41(A)(1)(a), the appellees vitiated the arbitration panel's final adjudication on the merits and left the parties as if the action never had been filed, thereby stripping Kroger of its right to have final judgment entered in its favor.[3] Consequently, by "wiping the slate clean," the trial court's order denying Kroger's motion to strike the appellees' notice of voluntary dismissal affected Kroger's substantial rights and in effect determined the action and prevented a judgment in Kroger's favor. For this reason, we conclude that the trial court's order is final and appealable under R.C. 2505.02(B)(1). Having resolved this jurisdictional issue, we turn now to the merits of Kroger's appeal.

{¶ 7} In its assignment of error, Kroger asserts that the trial court erred in not striking the appellees' notice of voluntary dismissal. In support, Kroger notes that under the plain language of M.C.C.P.R. 2.35(X)(F), the arbitration decision became final, and had the legal effect of a verdict, 30 days after the arbitration panel's ruling. As a result, Kroger argues that under M.C.C.P.R. 2.35(X)(F), the trial court was required to enter judgment in accordance with the arbitration panel's report and award. Under these circumstances, Kroger insists that the appellees had no right to obtain a voluntary dismissal by filing a Civ.R. 41(A)(1)(a) notice to that effect.[4]

{¶ 8} Upon review, we find Kroger's assignment of error to be persuasive. As noted by Kroger, M.C.C.P.R. 2.35(X)(F) provides that all arbitration reports and awards "shall be final and shall have the legal effect of a verdict unless they are appealed as provided herein." It also provides that if the losing party does not appeal, the trial court "shall enter judgment in accordance with the report and award." In turn, M.C.C.P.R. 2.35(XI)(A) governs appeals from arbitration awards. It provides that "[a]ll appeals shall be taken and all conditions of appeal shall be complied with within thirty (30) days after the entry of award of the single arbitrator or arbitration panel is on the docket in the office of the Clerk of Courts."

---

3. We note too that the voluntary dismissal of an action precludes any later assertion of collateral estoppel, res judicata, or the law of the case based on rulings made prior to the dismissal. This is so because, as we have recognized, the dismissed action is treated as if it never had been commenced. *Giambrone*, supra, at * 5.

4. In the interest of completeness, Kroger also argues that dismissal without prejudice would have been inappropriate under Civ.R. 41(A)(2), which allows a dismissal after the commencement of trial, subject to court approval and upon such terms and conditions as the court deems proper. We need not consider the propriety of a dismissal under Rule 41(A)(2), however, as the appellees did not seek court approval of their dismissal notice, and the trial court correctly construed the notice as a voluntary dismissal under Civ.R. 41(A)(1)(a).

{¶ 9} In the present case, it is undisputed that the arbitration decision became final and had the legal effect of a verdict, given the appellees' failure to pursue an appeal of that decision. Therefore, pursuant to M.C.C.P.R. 2.35(X)(F), the trial court was obligated to "enter judgment in accordance with the report and award." Despite the clear language of M.C.C.P.R. 2.35(X)(F), the trial court found that the appellees were entitled to dismiss the action, without prejudice, under Civ.R. 41(A)(1)(a). This provision permits a plaintiff to dismiss an action, without judicial approval, merely by "filing a notice of dismissal at any time before the commencement of trial[.]"[5] In overruling Kroger's motion to strike the appellees' notice of voluntary dismissal and refusing to enter judgment in Kroger's favor, the trial court reasoned as follows:

{¶ 10} "The Court finds that arbitration and trial are not the same and do not have the same legal effect. Civil Rule 41(A)(1) provides that a party can dismiss at any time prior to commencement of trial. Civil Rule 58(A) provides that judgment is effective when the clerk enters the same on the journal. Because no judgment entry was filed memorializing the result of arbitration, the case was still pending and was subject to dismissal since trial on the case had not commenced."

{¶ 11} In our view, the trial court's ruling is erroneous, as it fails to account for M.C.C.P.R. 2.35(X)(F), which, as set forth above, provides that an unappealed arbitration report and award is final, has the legal effect of a verdict, and obligates a trial court to enter judgment in favor of the prevailing party.[6] As noted by Kroger, the existence of a "verdict" necessarily presupposes the "commencement of trial." In the present case, of course, no actual trial took place because the unappealed arbitration decision was a substitute for trial. Nevertheless, the fact remains that under M.C.C.P.R. 2.35(X)(F) the arbitration decision had the *legal effect* of a "verdict," which can be obtained only *after* the commencement of a trial. See, e.g., Civ.R. 48 (providing that "[i]n all civil actions, a jury shall render a verdict"); Black's Law Dictionary (5th Ed.1979) 1398 (defining the term "verdict" as "[t]he formal decision or finding made by a jury"); *Ralston v. Stump* (1944), 75 Ohio App. 375, 376, 31 O.O. 143, 62 N.E.2d 293 ("Webster defines [the term 'verdict'] as 'the answer of a jury given to the court concerning any matter of fact in any cause, civil or criminal, committed to their examination and determination.'"); *Wagner v. State* (1885), 42 Ohio St. 537,

---

5. Rule 41(A)(1)(a) contains an exception that applies when certain counterclaims are pending. The exception has no applicability herein.

6. We note that M.C.C.P.R. 2.35(X)(F) is mandated by Ohio Sup. R. 15(A)(2)(c), which requires any local arbitration plan to include a provision that an arbitrator's award "shall be final and have the legal effect of a verdict upon which judgment shall be entered by the court."

1885 WL 48 (recognizing that a trial is commenced when a jury is empaneled and sworn and ends with the rendition of a verdict).

{¶ 12} Based on the foregoing analysis, two facts are readily apparent: (1) the arbitration ruling at issue was final and had the legal effect of a verdict by virtue of M.C.C.P.R. 2.35(X)(F) and (2) under Ohio law, the rendering of a "verdict" necessarily follows the commencement of a trial. In light of these facts, we conclude that the appellees lacked the right to terminate their lawsuit under Civ.R. 41(A)(1)(a), and their notice was of no effect. *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 229, 23 O.O.3d 232, 431 N.E.2d 660 (recognizing that Civ.R. 41[A][1][a] "forbids a plaintiff from unilaterally withdrawing by notice once trial has been commenced").

{¶ 13} Although Kroger has not cited any analogous case law, we find support for the foregoing analysis in *Pheils v. Black* (Oct. 13, 1995), Wood App. No. WD–95–028, 1995 WL 604615. Therein, the plaintiffs filed a trespass and nuisance action against the defendants, their neighbors. The matter proceeded to arbitration, where the defendants prevailed. The plaintiffs then attempted to appeal by filing a defective demand for a trial de novo. Thereafter, the plaintiffs filed a notice of voluntary dismissal under Civ.R. 41(A)(1)(a). Upon review, the trial court found that the defective demand for a trial de novo was ineffective. As a result, the trial court reasoned that the arbitration decision had become a final order of the court prior to the filing of the plaintiffs' notice of voluntary dismissal under Civ.R. 41(A)(1)(a). The Sixth District Court of Appeals agreed, reasoning:

{¶ 14} "Pursuant to Loc.R. 7.11H(5), after the requisite thirty days, the arbitrators' award in this case became the judgment of the Court having 'the same force and effect as a judgment of the Court in any civil action.'

{¶ 15} "Civ.R. 41[A](1) states: '[S]ubject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *.'

{¶ 16} "Appellants filed their Civ.R. 41 notice of dismissal on March 22, 1995, or after the arbitrators' award had become the order of the court. This clearly is not 'before the commencement of trial.'" Id. at * 2–3.

{¶ 17} Although the pertinent Local Rules in the present case are not identical to those at issue in *Pheils,* they are similar and the same reasoning applies. The unappealed arbitration decision became final, and had the legal effect of a verdict, before the appellees filed their notice of voluntary dismissal. Given that the very existence of a verdict necessarily presupposes the commencement of a trial, the appellees' notice under Civ.R. 41(A)(1)(a) was not timely and, therefore, had no effect.

{¶ 18} In reaching the foregoing conclusion, we find the present case to be distinguishable from our decision in *Std. Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458. Therein, the Indiana Insurance Company voluntarily dismissed a counterclaim under Civ.R. 41(A)(1)(a) after the trial court had rendered an adverse opinion on the merits of the counterclaim but before the opinion was journalized. Upon review, the trial court struck the notice of voluntary dismissal, journalized its opinion, and entered judgment against Indiana Insurance Company. On appeal, we reversed, reasoning as follows:

{¶ 19} "The language of Civil Rule 41(A)(1) and (C) requires no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. There is no exception in the rule for any possible circumstance that would justify a court in refusing to permit the withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations. While such rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim.

{¶ 20} "The sequence of events which raise the present question are briefly: an adverse decision against appellant on its counterclaim on January 15, 1975; a unilateral voluntary dismissal without prejudice by appellant of its counterclaim on the morning of February 24, 1975; and a judgment entry against the counterclaim and striking the voluntary termination, filed at 3:54 p.m. on February 24, 1975. The judgment entry was on the merits of the counterclaim. The following day the plaintiff unilaterally also dismissed its claim and its costs. There is no question that the counterclaim of the appellant was an independent cause.

{¶ 21} "The counterclaim was voluntarily dismissed under Rule 41(A)(1) by notice before the judgment entry and before the commencement of trial. Rule 41(C). At that moment, despite the labors of the court and counsel, there was no longer anything before the court on the counterclaim. The subsequent judgment entry finding that the voluntary dismissal was not timely filed was error. Consequently, such judgment on the counterclaim and the order striking the notice of voluntary dismissal of the counterclaim are set aside. The voluntary dismissal of the counterclaim without prejudice is reinstated."[7] Id., 46 Ohio App.2d at 100–101, 75 O.O.2d 81, 345 N.E.2d 458.

---

7. Although other Ohio courts also have held that a party may file a Civ.R. 41(A)(1)(a) notice of voluntary dismissal after a trial court announces a decision on the merits but before the filing of a judgment entry, we note that this view appears to be a minority position nationally. See,

{¶ 22} Having reviewed the foregoing decision, we discern two key differences between *Standard Oil* and the present case. First, the trial court's opinion in *Standard Oil* was interlocutory and Indiana Insurance Company filed its notice of voluntary dismissal before the trial court journalized its opinion. Id. at 99, 75 O.O.2d 81, 345 N.E.2d 458. In the present case, however, M.C.C.P.R. 2.35(X)(F) provides that all arbitration reports and awards "shall be final and shall have the legal effect of a verdict unless they are appealed from as provided herein." It also provides that if the losing party does not appeal, the trial court "shall enter judgment in accordance with the report and award." As a result, in the present case, unlike *Standard Oil*, the arbitration award was final rather than interlocutory when the appellees filed their notice of voluntary dismissal, and the trial court was obligated to enter judgment on it. Second, in *Standard Oil*, the trial court's interlocutory ruling on a pretrial motion did not constitute the "commencement of trial" under Civ.R. 41(A)(1)(a). In the present case, however, we have recognized that the arbitration panel's unappealed decision had the legal effect of a "verdict," which necessarily follows the commencement of trial. Therefore, the notice of voluntary dismissal in *Standard Oil* was timely filed, whereas the appellees' notice in the present case was not.

{¶ 23} Finally, we find the present case to be distinguishable from *Frysinger v. Leech* (1983), 10 Ohio App.3d 150, 10 OBR 202, 460 N.E.2d 1161. Therein, the plaintiff filed a medical malpractice action against the defendant, a surgeon. The matter proceeded to arbitration, which resulted in a finding that the defendant had not committed malpractice. The plaintiff timely appealed the arbitration decision to the trial court. Shortly before trial, however, she voluntarily dismissed the case without prejudice under Civ.R. 41(A)(1)(a). Less than two hours later, the defendant filed a motion for confirmation of the arbitration award and the entry of judgment thereon. The trial court later confirmed the arbitration award and entered judgment in favor of the defendant. Upon review, the Third District Court of Appeals reasoned that "when the appellant invoked Civ.R. 41(A)(1)(a), regardless of reason or motive, the cause of action was properly dismissed without prejudice." As a result, the appellate court held that the trial court lacked jurisdiction to enter judgment in favor of the defendant.

{¶ 24} Unlike *Frysinger*, however, the appellees in the present case did not file their notice of voluntary dismissal before the unappealed arbitration award became final. As noted above, the appellees allowed the 30–day appeal period to expire without taking any action. As a result, the arbitration award became final

e.g., *Wong v. Smith* (C.A.1, 1992), 961 F.2d 1018, 1020 (observing that state "courts in other jurisdictions with similar rules regarding the availability of voluntary dismissals have decided that a plaintiff may not resort to voluntary dismissal or nonsuit once the court has granted summary judgment to the defendant, or announced its intention to do so").

and had the legal effect of a verdict. In light of that fact, M.C.C.P.R. 2.35(X)(F) obligated the trial court to enter judgment in accordance with the arbitration report and award. In short, unlike the plaintiff in *Frysinger*, the appellees lacked the authority to dismiss the present action without prejudice, as the adverse arbitration decision was final and had the legal effect of a verdict, the existence of which, as explained above, presupposes the commencement of trial.

{¶ 25} Based on the reasoning and citation of authority set forth above, we hereby sustain Kroger's assignment of error, as the trial court erred in overruling Kroger's motion to strike the notice of voluntary dismissal and in failing to enter final judgment in Kroger's favor.

{¶ 26} This matter is hereby remanded to the trial court with instructions to strike the appellees' notice of voluntary dismissal and to enter final judgment in favor of Kroger in accordance with M.C.C.P.R. 2.35(X)(F).

Judgment accordingly.

WOLFF, P.J., and GRADY, J., concur.