DECISION AND JUDGMENT ENTRY
{¶ 1} The state of Ohio appeals the judgment of the Lucas County Common Pleas Court's finding of lack of jurisdiction in a forfeiture action. The state had entered a nolle prosequi in the criminal case with which the forfeiture action had been consolidated. Because the state did not request leave to file an appeal under App.R. 5(C), this court does not have jurisdiction to decide the case on its merits. The appeal is, therefore, dismissed.
 {¶ 2} On October 17, 2002, Mitchell was indicted for a second degree felony of aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(c). The state had also filed a petition for forfeiture under R.C. 2933.43 for a 1997 GMC Yukon and $640 in United States currency that was seized from Mitchell on September 5, 2002. Allegedly, this vehicle and the currency was "used, intended to be used or derived from" the crime with which he had been charged. The state filed a motion for consolidation of the forfeiture action with the criminal case, and the motion was granted.
 {¶ 3} On March 21, 2003, the state dismissed the original criminal case that included the consolidated forfeiture action, and Mitchell was re-indicted on two drug-related charges. The trial court also granted Mitchell's motion to transfer to the new case the issues regarding the motion to suppress. The court also specified that "[a]ll the motions that have been filed by counsel for the defendant and all of the responsive pleadings by the State" would be transferred. The state never made a motion to transfer to the second case the forfeiture action that had been consolidated with the first criminal case.
 {¶ 4} Ultimately, Mitchell entered an Alford plea to an amended drug offense and was sentenced. A hearing was then held on August 5, 2003 on his driver's license suspension and forfeiture. Mitchell's driver's license was suspended, but the trial court questioned whether it had jurisdiction to address the forfeiture because the underlying criminal case had been dismissed. The court asked for briefs on the jurisdictional issue, and a further hearing was held on September 10, 2003. The court concluded that when the state dismissed the first case, the forfeiture case was not transferred to the new criminal case or re-filed; therefore, it lacked jurisdiction. The state of Ohio filed a notice of appeal from the September 10, 2003.
 {¶ 5} One assignment of error is raised: "As a separately filed and independent civil case, the State's forfeiture action was not merged into the criminal case, but retained its original identity, and should have been adjudicated by the trial court."
 {¶ 6} The state argues that when the trial court stated, "all the matters which this Court has ruled upon in Case Number 02-3070 shall be transferred and made part and parcel of the record in Case Number 03-1655," the forfeiture action was also transferred.
 {¶ 7} We are unable to address the merits of the state's argument, for we lack jurisdiction since the state never asked for leave to appeal the trial court's decision concerning its jurisdiction over the forfeiture issue.
 {¶ 8} There are very few instances when the prosecution may appeal a decision of the trial court as a matter of right. These rare exceptions are found in R.C. 2945.67(A).[1] This statute provides the state with the limited right to appeal orders granting: "(1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) postconviction relief. The State may also appeal `any other decision' of the trial court but only if it first obtains leave to do so from the court of appeals. R.C. 2945.67(A)." State v.Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015. (Citations omitted.) (Emphasis in original.) See, generally, State v.Keeton (1985), 18 Ohio St.3d 379.
 {¶ 9} Therefore, when the prosecution wishes to appeal a judgment of the trial court not expressly provided for in R.C.2945.67(A), it must ask for leave to appeal under App.R. 5(C).[2] This motion for leave to appeal, furthermore, must be filed concurrently with the notice of appeal. State v.Fisher (1988), 35 Ohio St.3d 22, 25. "Absent full compliance the appeal must be dismissed." State v. Daugherty, Ashland App. No. 01COA01417, 2001-Ohio-1898. See, generally, State v. Wallace
(1975), 43 Ohio St.2d 1.
 {¶ 10} Because R.C. 2945.67(A) creates an exception to the general rule against the state's taking an appeal as of right in a criminal case, the statute is strictly construed and any appeal taken by the state as of right must strictly comply with the provisions of the statute. As noted by the Second Appellate District: "We do not read R.C. 2945.67 as allowing the state to appeal, or enabling appellate courts to review, decisions of trial courts that the state would like to construe as falling within the terms of the statute." State v. Sanders (Nov. 30, 1994), Miami App. No. 94-CA-48. The Ohio Supreme Court has stated that a "court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed." Statev. Bistricky (1990), 51 Ohio St.3d 157, 160. (Emphasis added.)
 {¶ 11} Thus, to appeal a substantive issue, such as jurisdiction — which does not fall within one of the limited exceptions to qualify as an appeal as of right under R.C.2945.67(A) — the state must file a motion for leave to file an appeal concurrently with its notice of appeal and comply with the requirements of App.R. 5(C). The decision to grant or deny leave for the state to appeal then solely rests within the discretion of the court of appeals. State v. Fisher (1988),35 Ohio St.3d 22, 23.[3]
 {¶ 12} Here, the state was required to file a motion for leave to file an appeal and comply with the other requirements of App.R. 5(C) before this court could accept jurisdiction and render a decision on the merits. Unfortunately, as the state did not do this, we do not have jurisdiction, and the appeal must be dismissed.[4] It is, therefore, so ordered, and appellant is ordered to pay the court costs of this appeal.
Appeal Dismissed.
Pietrykowski, J., Lanzinger, J., Singer, J., Concur.
[1] R.C. 2945.67 states:
"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.
"(B) In any proceeding brought pursuant to division (A) of this section, the court, in accordance with Chapter 120 of the Revised Code, shall appoint the county public defender, joint county public defender, or other counsel to represent any person who is indigent, is not represented by counsel, and does not waive the person's right to counsel."
[2] App.R. 5(C) states:
"When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."
[3] We have agreed with that holding: "Whether or not the state of Ohio may appeal lies within the sole and sound discretion of this court." State v. Ulrich (1983), 17 Ohio App.3d 179, 180.
[4] The analysis would change if the trial court had dismissed a forfeiture specification in a new indictment. In that event, an appeal as of right would have been created under R.C. 2945.67(A).State v. Kish, 9th Dist. No. 02CA008146, 2003-Ohio-2426, at ¶ 52. As the state did not include the forfeiture within the second indictment, there was no action from which there was a right to appeal.