DECISION AND JUDGMENT ENTRY
{¶ 1} Robert J. Whittekind appeals the trial court's decision adjudicating his son, Victor B. Whittekind, a delinquent child for chronic truancy. His pro se brief asserts that the court's judgment is against the manifest weight of the evidence.[1]
He essentially contends that the trial court should not have found Victor a chronic truant when he, the father, prohibited Victor from attending school. The chronic truancy statute provides an exception for students who are absent due to a lawful excuse. Because a parent's refusal to allow the child to attend school constitutes a lawful excuse, the trial court's judgment is against the manifest weight of the evidence. Therefore, we reverse its judgment.
 {¶ 2} At the start of the 2003-2004 school year, Victor was enrolled at Fort Frye High School, but he did not attend school for "even a day". A delinquency complaint based upon chronic truancy followed. In November, Victor and his father moved to the Marietta area. The first date that he attended school during the 2003-2004 school year was February 23, 2004, at Marietta High School. Between February 23 and May 5, Victor missed twelve days of classes, with six being unexcused absences.
 {¶ 3} At the adjudicatory hearing, Whittekind admitted that Victor did not attend school until February 23, 2004. He explained that Victor's attendance problem started at the end of the 2002-2003 school year when Victor began feeling uncomfortable riding the bus because the bus driver forced him to sit next to a "sex offender." Whittekind complained, but the bus driver did not permit Victor to sit anywhere else. According to Whittekind, the school superintendent told him that "the reason [Victor] had to sit next to the sex offender, because it would be discrimination against the sex offender."
 {¶ 4} Whittekind stated that Victor's attendance problems for the 2003-2004 school year began because of a "bus suspension." Whittekind complained and eventually decided that he would not send Victor back to the Fort Frye School District, but instead would move into another district. Whittekind moved to Marietta around Thanksgiving, but did not enroll Victor in school until February.
 {¶ 5} The court subsequently adjudicated Victor a delinquent child for chronic truancy. The court found that Victor "had no legitimate excuse not to be in school, especially since the time [the Whittekinds] moved to Marietta around Thanksgiving."
 {¶ 6} In this appeal, Whittekind argues that the trial court's delinquency finding is against the manifest weight of the evidence. He asserts that because he refused to allow Victor to attend school, he is the guilty party, not Victor.
 {¶ 7} A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child is a chronic truant. See R.C. 2152.02(D); Juv.R. 29(E)(4); see, also, State v. Walls, 96 Ohio St.3d 437, 2002-Ohio-5059,775 N.E.2d 829, at 26. When we review a delinquency adjudication, we employ the same standard of review that we apply to criminal convictions claimed to be against the manifest weight of the evidence. See In re Watson (1989), 47 Ohio St.3d 86, 91,548 N.E.2d 210, 216; In re Beard, Ross App. No. 02CA2647, 2002-Ohio-3996; In re Tripp (Oct. 1, 2001), Hocking App. No. 01CA8. When considering a manifest weight of the evidence argument, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction [or a delinquency adjudication]." State v. Getsy (1998), 84 Ohio St.3d 180, 193,702 N.E.2d 866. The reviewing court sits, essentially, as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218,72 L.Ed.2d 652. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, but keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v.Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the delinquency adjudication if it appears that the fact finder, in resolving evidentiary conflicts, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction [or delinquency adjudication] must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt.State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 8} A child who is a "chronic truant" is a delinquent child. See R.C. 2152.02(F)(5). A "`[c]hronic truant'" means any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for seven or more consecutive school days, ten or more school days in one school month, or fifteen or more school days in a school year." R.C. 2151.02(D).
 {¶ 9} Here, the record does not contain enough evidence to support the trial court's delinquency adjudication. Both Whittekind and Victor admitted that Victor did not attend school for the 2003-2004 school year until February of 2004. However, Victor's absence was due to Whittekind's refusal to allow Victor to attend school. His refusal to allow Victor to attend school provided Victor with a legitimate excuse for being absent. The law does not place Victor in the position of confronting Hobson's choice, i.e., either disobeying his father at the risk of unknown forms of punishment, or complying with his father's commandment at the peril of facing delinquency charges. It is the state's proper role to protect Victor from a parent who willfully refuses to perform parental duties by filing a neglect proceeding and/or a complaint against Mr. Whittekind under R.C. 3321.38. Victor is not the miscreant in this scenario.
 {¶ 10} Therefore, we reverse the trial court's judgment.
Judgment reversed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.
[1] Whittekind's brief fails to comply with the Appellate Rules in many respects, including failing to raise an assignment of error. Nonetheless, we have reviewed his brief and will address the essence of his argument.