Judgment reversed<br>and cause remanded.

Abele, J., concurs.

Kline, J., concurs in judgment only.

---

**HEISLER et al., Appellants,**

v.

**MALLARD MECHANICAL CO., L.L.C. et al., Appellees.**

[Cite as *Heisler v. Mallard Mechanical Co., L.L.C.,*
170 Ohio App.3d 430, 2007-Ohio-1169.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–627.

Decided March 15, 2007.

Fusco, Mackey, Mathews & Gill, L.L.P., and Michael J. Fusco, for appellants.

Joseph W. Hull, for appellees.

SADLER, Presiding Judge.

{¶ 1} Appellants, John D. Heisler and Carol A. Heisler, filed this appeal seeking reversal of a decision by the Franklin County Municipal Court granting summary judgment in favor of appellees, Mallard Mechanical Co., L.L.C., and its owner, Larry Titus. For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} In January 2003, appellants and appellee Mallard Mechanical Co., entered into a contract whereby appellees were to install a new furnace in appellants' home. After completion of the work, appellants were unhappy with some aspects of appellees' performance. Appellees agreed to make corrections to the work at no further cost to appellants, but the parties were unable to reach agreement regarding the precise nature of the corrections to be made. Ultimately, appellants complained to the city of Columbus, whose building inspectors concluded that several measures needed to be taken to bring the furnace installation into compliance with city codes. Appellees were willing to make all corrections noted by the city inspectors, but appellants would not allow the work to be conducted due to continued disagreements regarding the details of the work.

{¶ 3} Appellants, acting pro se, filed an action in the small-claims division of the Franklin County Municipal Court seeking recovery in the amount of $3,000, the jurisdictional limits of the small-claims division. The case was heard before a magistrate, who issued a report and decision dated October 19, 2005, and filed on October 25, 2005. The magistrate concluded that appellants had failed to establish the right to recover monetary damages. In doing so, the magistrate concluded that appellees had generally performed in a workmanlike manner. The magistrate focused on the fact that appellees had at all times remained willing to make all corrections necessary to bring the furnace installation into compliance with the city code. The magistrate's decision concluded that appellants' case was dismissed without prejudice.

{¶ 4} Appellants filed objections to the magistrate's decision. On December 8, 2005, Judge Paul Herbert filed an entry overruling appellants' objections to the magistrate's decision and adopting the magistrate's decision. The entry included language stating that it was a final, appealable order. On December 9, 2005, Judge Teresa Liston signed a standard form judgment entry on the case. A box was marked next to the statement "Judgment for defendant on the complaint; case dismissed with prejudice at plaintiff's costs." However, the word "with" was crossed through, and written above it was the word "without."

{¶ 5} On March 2, 2006, appellants, now represented by counsel, filed a complaint in the Franklin County Municipal Court, alleging the same facts that had formed the basis of the small-claims action. The complaint set forth causes of action alleging violations of the Ohio Home Solicitation Sales Act and the Ohio Consumer Practices Act. The complaint also alleged a cause of action for negligence against Mallard only. Appellees filed a motion for summary judgment on the grounds of (1) res judicata, (2) the applicable statute of limitations, and (3) the court's lack of subject-matter jurisdiction. The basis for appellees' motion was that the magistrate's decision, notwithstanding use of the words "without prejudice," had decided the case on its merits, and the only method for attacking the decision was the filing of an appeal. The trial court granted appellees' motion for summary judgment without setting forth the reasons for the decision, and appellants filed this appeal.

{¶ 6} Appellants argue three assignments of error:

I. The trial court erred in granting summary judgment in favor of appellees on the grounds that appellants' complaint was barred by *res judicata.*

II. The trial court erred in granting summary judgment in favor of appellees on the grounds that appellants' complaint was time barred by Ohio Revised Code 1345.10(C).

III. The trial court erred in granting summary judgment in favor of appellees on the grounds that it lacked subject matter jurisdiction over appellants' complaint.

{¶ 7} We review the trial court's grant of summary judgment de novo. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 8} The three assignments of error are interrelated, because with each assignment, the issue is what effect must be given to the magistrate's decision using the words "without prejudice" to describe the dismissal. Normally, a dismissal without prejudice is not an adjudication on the merits and is therefore not a final, appealable order. See *Lovins v. Kroger Co.*, 150 Ohio App.3d 656, 2002-Ohio-6526, 782 N.E.2d 1171. Thus, dismissal of the instant action without prejudice would normally not preclude appellants from refiling the action.

{¶ 9} However, in this case, a reading of the magistrate's decision makes it clear that the magistrate was not ruling on a procedural issue, but was instead deciding the merits of the case. The magistrate specifically concluded that appellants had failed to meet their burden of showing entitlement to monetary damages, while making it clear that appellees were required to take those steps that appellees agreed needed to be taken to bring the furnace installation into compliance with city code.

{¶ 10} This reading is bolstered by the entry issued by Judge Herbert. Appellants argue that the entry specifically said the court was adopting the magistrate's decision, which would include the magistrate's "without prejudice" language. However, the entry also included language specifically indicating that it was a final, appealable order. Therefore, Judge Herbert's entry could not have been intended to adopt the magistrate's language dismissing the action without prejudice; otherwise, inclusion of the language identifying the entry as a final, appealable order would have been pointless. The entry signed by Judge Liston the following day purporting to dismiss the action without prejudice was a nullity, because Judge Herbert's entry had already disposed of the case.

{¶ 11} Since the magistrate's decision and Judge Herbert's entry make it clear that the dismissal was on the merits of appellants' claims, the issue then is whether that decision has any preclusive effect on appellants' subsequent complaint. The general rule of claim preclusion is that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, at syllabus. In addition, " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.' " (Emphasis sic.) *Id.* at 382, 653 N.E.2d 226, quoting *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.

{¶ 12} The magistrate's decision and Judge Herbert's entry constitute a valid, final judgment on the merits of appellants' claims. Consequently, the claim-preclusion aspect of res judicata would act as a bar against appellants' subse-

quently filed complaint. We therefore overrule appellants' first assignment of error. Since appellants' second and third assignments of error also revolved around the question of the construction to be given to the magistrate's decision and the court's entry, we overrule those assignments of error as well.

{¶ 13} Having overruled appellants' three assignments of error, we affirm the decision by the Franklin County Municipal Court granting summary judgment in favor of appellees.

Judgment affirmed.

PETREE and KLATT, JJ., concur.