DECISION
{¶ 1} Appellant, State of Ohio ("the state"), appeals as a matter of right from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the court sustained appellee's objections to a magistrate's decision, and dismissed without prejudice a complaint against appellee. Because we lack subject-matter jurisdiction, we dismiss the state's appeal. *Page 2 
 {¶ 2} Alleging that appellee, A. E., [1] was chronically truant from school during the 2006-2007 school year, and delinquent under former R.C. 2152.02(F), [2] the state filed a complaint against appellee in juvenile court. Appellee denied the state's allegations.
 {¶ 3} Claiming that the state's complaint was facially insufficient because it lacked allegations and supporting facts regarding both appellee and the person having care of her as required under R.C. 2152.021, appellee moved the juvenile court to dismiss the complaint against her.
 {¶ 4} At a hearing to consider appellee's motion to dismiss the complaint, upon the state's request, the juvenile court, through a magistrate, permitted the state to amend the charge against appellee to allege that appellee was an unruly child due to habitual truancy, [3]
rather than delinquent due to chronic truancy, as originally alleged. The juvenile court, through a magistrate, thereafter ordered the amendment of the complaint, ultimately overruled appellee's motion to dismiss the complaint, and continued the adjudicatory hearing. Finding no error or defect on the face of the magistrate's decision, *Page 3 
the juvenile court approved and adopted the magistrate's decision that, among other things, amended the state's complaint.
 {¶ 5} Challenging the magistrate's denial of her motion seeking dismissal of the complaint, appellee thereafter filed objections to the magistrate's decision. Finding that appellee's objections were well-taken, the juvenile court sustained appellee's objections to the magistrate's decision and dismissed without prejudice the state's complaint against appellee. In its judgment, the juvenile court acknowledged that, at the request of the state, the magistrate amended the charge against appellee to show that appellee was alleged unruly due to habitual school truancy.
 {¶ 6} From the juvenile court's judgment, the state now appeals as a matter of right. The state assigns a single error for our consideration:
 A COMPLAINT FILED PURSUANT TO R.C. § 2152.02(F), ALLEGING THAT A CHILD IS DELINQUENT DUE TO HIS OR HER CHRONIC TRUANCY FROM SCHOOL, MAY BE FILED PURSUANT TO R.C. § 2152.021(A)(1) WITH RESPECT TO THE CHILD ALONE. IN CHRONIC SCHOOL TRUANCY CASES THE STATE OF OHIO IS NOT REQUIRED TO PROCEED PURSUANT TO R.C. § 2152.021(A)(2) WHICH PROVIDES AN ALTERNATIVE PROCEDURE IN WHICH TO PROSECUTE THE CHILD AND HIS OR HER PARENT OR GUARDIAN JOINTLY, ALLEGING THAT THE CHILD IS DELINQUENT FOR CHRONIC SCHOOL TRUANCY AND THE PARENT OR GUARDIAN IS LIKEWISE CULPABLE, IN VIOLATION OF R.C. § 3321.38, FOR FAILING TO CAUSE THE CHILD'S ATTENDANCE AT SCHOOL.
 {¶ 7} Although neither party has challenged whether subject-matter jurisdiction properly lies, we sua sponte consider this issue, as subject-matter jurisdiction is a condition precedent for us to consider the state's appeal. See, generally, State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544, citing State exrel. *Page 4 Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82, 84, certiorari denied, 519 U.S. 844, 117 S.Ct. 127 (stating that subject-matter jurisdiction "may be raised sua sponte by an appellate court"); State ex rel. Ohio Democratic Party v. Blackwell,111 Ohio St.3d 246, 2006-Ohio-5202, at ¶ 8, quoting Pratts v. Hurley,102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11, quoting State ex rel Jones v.Suster (1998), 84 Ohio St.3d 70, 75, reconsideration denied (1999),84 Ohio St.3d 1475 (stating that "`[subject-matter jurisdiction] is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void."'").
 {¶ 8} Here, in its notice of appeal, the state asserts: "Pursuant to R.C. 2945.67(A) Appellate Rule 4(A), the State of Ohio, by and through the Franklin County Prosecuting Attorney, hereby appeals as a matter of right * * * from the judgment entry * * * granting appellee's Motion to Dismiss the Complaint[.]"
 {¶ 9} "There are very few instances when the prosecution may appeal a decision of the trial court as a matter of right. These rare exceptions are found in R.C. 2945.67(A)." State v. Mitchell, Lucas App. No. L-03-1270, 2004-Ohio-2460, at ¶ 8 (fn. omitted); see, also, State exrel. Leis v. Kraft (1984), 10 Ohio St.3d 34, 35.
 {¶ 10} "[W]hen the prosecution wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must ask for leave to appeal under App. R. 5(C)." Mitchell, at ¶ 9; see, also,In re T.A., Franklin App. No. 07AP-327, 2007-Ohio-4417, at ¶ 6; In reT.A., at ¶ 11 (finding that, following 2003 amendments to App. R. 5, "App. R. 5 is now aligned with R.C. 2945.67(A) leave of court requirements in regards to pertinent juvenile delinquency cases"). A motion for leave to appeal also must be filed concurrently with a notice of appeal. Mitchell, at ¶ 9, citing State v. Fisher (1988),35 Ohio St.3d 22, 25. *Page 5 
"`Absent full compliance the appeal must be dismissed.'"Mitchell, at ¶ 9, quoting State v. Daugherty, Ashland App. No. 01COA01417; see, also, In re T.A., at ¶ 6. Cf. State v. Wallace (1975),43 Ohio St.2d 1, 2 (observing that, although R.C. 2945.67 is facially procedural, its enactment constituted a substantive legislative grant giving the state a right of appeal in criminal cases, absent which such right of appeal would not exist).
 {¶ 11} R.C. 2945.67(A) provides in part:
 A prosecuting attorney * * * may appeal as a matter of right * * * any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict * * * of the juvenile court in a delinquency case. * * *
 {¶ 12} Here, upon the state's request, the juvenile court, through a magistrate, permitted the state to amend the charge in the complaint from chronic school truancy, a delinquency offense, to habitual school truancy, an unruly offense, and later in his written decision the magistrate ordered the amendment of the complaint. See, generally, Juv. R. 22(B) (amendment of pleadings); Juv. R. 40(D)(2)(a)(i) (providing that "[s]ubject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party"). Finding no error or defect on the face of the magistrate's decision, the juvenile court approved and adopted the magistrate's decision that, among other things, amended the state's complaint.
 {¶ 13} After the magistrate issued an order amending the complaint against appellee to unruliness due to habitual truancy, no party moved to set aside the magistrate's order. See Juv. R. 40(D)(2)(b) (providing that any party may move the *Page 6 
juvenile court to set aside a magistrate's order no later than ten days after the magistrate's order is filed).
 {¶ 14} Consequently, absent any motion seeking to set aside the magistrate's order amending the complaint, at the time of the juvenile court's dismissal without prejudice of the complaint and sustainment of appellee's objections to the magistrate's decision, the allegation against appellee was not delinquency due to chronic truancy; rather, the allegation was unruliness due to habitual truancy.
 {¶ 15} Because the juvenile court dismissed a complaint alleging unruliness, not delinquency, the juvenile court's dismissal is not one of the circumstances from which the state has an absolute right of appeal under R.C. 2945.67(A). See, generally, R.C. 2945.67(A);Mitchell, at ¶ 8; see, also, State v. Sanders (Nov. 25, 1994), Miami App. No. 94-CA-48 (stating that "[w]e do not read R.C. 2945.67 as allowing the state to appeal, or enabling appellate courts to review, decisions of trial courts that the state would like to construe as falling within the terms of the statute").
 {¶ 16} Moreover, assuming for the sake of argument that this is a circumstance where R.C. 2945.67(A) requires leave of court to appeal, an appeal under R.C. 2945.67(A) cannot lie in this case because the state has not sought the required leave to appeal. See, e.g., In re T.A., at ¶ 6 (stating that "[i]n circumstances where R.C. 2945.67(A) requires leave of court to appeal, the prosecution must file a proper motion for leave to appeal. * * * Under such circumstances, if the prosecution initiates an appeal without filing the requisite motion for leave to appeal, the appellate court is divested from jurisdiction to entertain the appeal, and the appellate court must dismiss the appeal."). *Page 7 
 {¶ 17} Besides seeking to appeal as a matter of right under R.C. 2945.67(A), the state in its notice of appeal also relies upon App. R. 4(A) as a basis to appeal from the juvenile court's judgment. See, generally, In re Hartman (1983), 2 Ohio St.3d 154, syllabus (holding that "R.C. 2501.02 grants the courts of appeals jurisdiction over appeals from juvenile court judgments and final orders rendered in juvenile traffic offender proceedings").
 {¶ 18} In In re Anderson (2001), 92 Ohio St.3d 63, the Supreme Court of Ohio "[held] that a juvenile court proceeding is a civil action," id. at 67, and applying its holding to the facts of that case, the Supreme Court "[found] that the Civil Rules and the Appellate Rules pertaining to the filing of a civil notice of appeal apply to appeals from the juvenile court." Id.[4] See, also, In re Keith (Sept. 25, 2001), Franklin App. No. 01AP-228 (acknowledging In re Anderson, supra, and observing that "App. R. 4(A) does not require a motion for leave to appeal be filed by the prosecution, as App. R. 5 requires").
 {¶ 19} Because the Supreme Court of Ohio has characterized juvenile proceedings as "civil" in nature and found that the Ohio Rules of Appellate Procedure apply to appeals from juvenile court, In reAnderson, at 67, it reasonably follows that the state could seek appellate review of the juvenile court's civil judgment under App. R. 4(A).
 {¶ 20} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts."Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, *Page 8 Gehm v. Timberline Post Frame, 112 Ohio St.3d 514, 2007-Ohio-607, at ¶ 13. Absent a final order, an appellate court has no jurisdiction to review a matter, General Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20; Gehm, at ¶ 14, and such a matter must be dismissed.Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64; Mogavero, supra; McClary v. M/I SchottensteinHomes, Inc., Franklin App. No. 03AP-777, 2004-Ohio-7047, at ¶ 15;Elkins v. Access-Able, Inc., Franklin App. No. 04AP-101, 2004-Ohio-4101, at ¶ 15.
 {¶ 21} "Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." In reMurray (1990), 52 Ohio St.3d 155, 157, citing Harvey v. Cincinnati CivilServ. Comm. (1985), 27 Ohio App.3d 304, 305; Systems Construction, Inc.v. Worthington Forest, Ltd. (1975), 46 Ohio App.2d 95, 96.
 {¶ 22} Here, in this civil action, the juvenile court sustained appellee's objections to the magistrate's decision, and the juvenile court dismissed without prejudice the state's complaint against appellee. See State ex rel. Sliwinski v. Burnham Unruh,118 Ohio St.3d 76, 2008-Ohio-1734, at ¶ 19, citing State ex rel. Scott v.Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573, at ¶ 14; Stiriz v.Motorists Mut. Ins. Co. (Mar. 29, 2002), Fulton App. No. F-01-010 (stating that "trial courts have inherent authority under certain circumstances to dismiss claims even without a motion"). Cf. Civ. R. 41 (dismissal of actions); Juv. R. 29(F)(1).
 {¶ 23} "In a typical civil action, a claim that is dismissed `without prejudice' may be refiled at a later date." Reinbolt v. Natl. Fire Ins.Co. of Hartford, 158 Ohio App.3d 453, 2004-Ohio-4845, at ¶ 11, citingHarrison v. Registrar, Bur. of Motor Vehicles, Trumbull *Page 9 
App. No. 2002-T-0095, 2003-Ohio-2546, at ¶ 18, appeal not allowed,100 Ohio St.3d 1411, 2003-Ohio-4948. See, also, Black's Law Dictionary (8 Ed. 2004) 502 (defining "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period").
 {¶ 24} "It is well settled that `a voluntary dismissal without prejudice normally is not a final, appealable order because it is not an adjudication on the merits and it leaves the parties as if the action never had been commenced.'" Reinbolt, at ¶ 11, quoting Lovins v. KrogerCo., 150 Ohio App.3d 656, 2002-Ohio-6526, at ¶ 6; see, also, Heisler v.Mallard Mechanical Co., L.L.C., 170 Ohio App.3d 430, 2007-Ohio-1169, at ¶ 8 (stating that "[n]ormally, a dismissal without prejudice is not an adjudication on the merits and is therefore not a final, appealable order"); Zimmie v. Zimmie (1984), 11 Ohio St.3d 94, 95, citingGoldstein v. Klivans, Inc. (App. 1931), 10 Ohio Law Abs. 133 (stating that "[a]fter its voluntary dismissal, an action is treated as if it had never been commenced").
 {¶ 25} "Under exceptional circumstances, however, a dismissal without prejudice may be a final, appealable order." Reinbolt, at ¶ 11, citingLovins, supra, at ¶ 4-6. See, e.g., id. (finding that, notwithstanding a voluntary dismissal under Civ. R. 41[A][1][a], a trial court's refusal to vacate a notice of dismissal was a final appealable order because the notice of dismissal vitiated an arbitration panel's final adjudication on the merits, thereby stripping the appellant of its right to have final judgment entered in its favor); Reinbolt, at ¶ 11 (finding, among other things, that, notwithstanding a trial court's dismissal without prejudice, an "exceptional circumstance" existed because the trial court's designation of "without prejudice" in a declaratory action was a nullity); Heisler, at ¶ 8-10 (construing *Page 10 
court entries and concluding that an entry "purporting to dismiss [an] action without prejudice was a nullity").
 {¶ 26} Here, we cannot conclude that the circumstances of this case present the "unusual circumstances" discussed in Lovins, supra, andReinbolt, supra. By dismissing the action without prejudice, the juvenile court's judgment did not prevent the state from refiling its civil unruliness action against appellee within the applicable limitations period, thereby stripping it of its right to have final judgment entered in its favor, as in Lovins, supra.[5] Accord In reMary Beth v. Timothy H. (Apr. 27, 1995), Cuyahoga App. No. 66748 (finding, among other things, that "a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible"). Moreover, this case does not concern a declaratory judgment action, as in Reinbolt, supra, and unlikeHeisler, supra, we are not presented with conflicting entries that require resolution.
 {¶ 27} Finding that this case is distinguishable from Lovins,Reinbolt, and Heisler, and recognizing that a dismissal without prejudice typically is not a final, appealable order because it is not an adjudication on the merits and leaves the parties as if the action never had been commenced, see, e.g., Reinboldt, at ¶ 11, we therefore conclude that the *Page 11 
order from which the state appeals is not a final appealable order. We also must conclude that this court lacks jurisdiction to determine the state's appeal under App. R. 4(A).
 {¶ 28} Moreover, even assuming for the sake of argument that this matter is properly before this court, the issue that the state presents in its sole assignment of error is not ripe for our review. Specifically, the state seeks an interpretation of R.C. 2152.02 as it pertains to a charge of delinquency based on a claim of chronic truancy. As discussed above, however, although appellee was initially alleged to be a delinquent child due to chronic truancy, at the state's request, the charge against appellee was amended to a claim of unruliness based on habitual truancy. Because the court amended the charge, the state's contentions in its assignment of error are therefore inapposite. Accordingly, this court's resolution of the state's contentions in its assignment of error must await another day. See, e.g., Schwab v.Lattimore, 166 Ohio App.3d 12, 2006-Ohio-1372, at ¶ 10 (fn. omitted) (stating that "[t]he duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case").
 {¶ 29} Finding that the state failed to perfect an appeal under R.C. 2945.67(A), and that the state's appeal under App. R. 4(A) must be dismissed for lack of a final appealable order, we therefore conclude that the instant appeal must be dismissed. See Dilatush v. Bd. ofReview, Bur. of Unemployment Comp. (1959), 107 Ohio App. 551, 552-553
(observing that "[t]he dismissal of [an] appeal for want of jurisdiction is not a dismissal for a mere technicality. Jurisdiction is a basic and fundamental prerequisite to any action *Page 12 
by the court. When there is a lack of jurisdiction, a dismissal of the action is the only proper order").
 {¶ 30} Accordingly, for the reasons set forth above, we render no opinion as to the state's sole assignment of error and sua sponte dismiss the state's appeal.
Appeal sua sponte dismissed.
T. BRYANT, J., concurs.
SADLER, J., dissents.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Because appellee is a juvenile, appellee's name is designated by initials only for purposes of anonymity. See, e.g., In re M.E.G., Franklin App. No. 06AP-1256, 2007-Ohio-4308, at ¶ 1, fn. 1; State v.Johnson, Franklin App. No. 06AP-67, 2007-Ohio-2385, at ¶ 43, fn. 5, appeal not allowed, 115 Ohio St.3d 1423, 2007-Ohio-5056; In reL.W., Franklin App. No. 05AP-317, 2006-Ohio-644, at ¶ 1, fn. 2, appeal not allowed, 109 Ohio St.3d 1497, 2006-Ohio-2762.
[2] Since the state brought its action against appellee, R.C. 2152.02
was amended by (2007) Am. Sub. S.B. No. 10, effective January 1, 2008.
See, generally, former R.C. 2152.02(D) (providing that "`[c]hronic truant' means any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for seven or more consecutive school days, ten or more school days in one school month, or fifteen or more school days in a school year"); see, also, former R.C. 2152.02(F)(5) (defining "delinquent child" as "any child who is a chronic truant"); In theMatter of Victor B. Whittekind, Washington App. No. 04CA22,2004-Ohio-7282, at ¶ 8.
[3] R.C. 2151.022(B) defines "unruly child" as "[a]ny child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant[.]" See, also, R.C. 2151.011(B)(17) (providing that, as used in R.C. Chapter 2151, "`[h]abitual truant' means any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for five or more consecutive school days, seven or more school days in one school month, or twelve or more school days in a school year").
[4] But, see, State v. Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, at ¶ 26, reconsideration denied, 97 Ohio St.3d 1461, 2002-Ohio-6248, citingIn re Anderson, at 65-66 (stating that "[w]hatever their label, juvenile delinquency laws feature inherently criminal aspects that we cannot ignore" and acknowledging that "constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings").
[5] See, generally, R.C. Chapter 2151 (delineating "general provisions" for juvenile courts). See, also, R.C. 2151.022(B) (defining "unruly child" as "[a]ny child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant"); R.C. 2151.011(B)(17) (providing that, as used in R.C. Chapter 2151, "`[h]abitual truant' means any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for five or more consecutive school days, seven or more school days in one school month, or twelve or more school days in a school year"); R.C. 2151.27 (providing procedures for filing a complaint alleging, among other things, that a juvenile is unruly).
Cf. R.C. Chapter 2152 (delineating "criminal provisions" for juvenile courts); R.C. 2152.021 (providing procedures for filing a complaint alleging, among other things, that a juvenile is delinquent child or juvenile traffic offender).