[Cite as *State v. Riebe*, 2023-Ohio-1948.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellant,

- vs -

MATTHEW J. RIEBE,

        Defendant-Appellee.

CASE NO. 2023-G-0014

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 C 000151

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 12, 2023
Judgment: Appeal dismissed

*James R. Flaiz,* Geauga County Prosecutor, and *Christian A. Bondra,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellant).

*Justin M. Kerr,* 277 Main Street, Suite 416, Westlake, OH 44145 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} On May 5, 2023, appellant, the state of Ohio, filed a notice of appeal from the trial court's "Order and Judgment of Conviction" and "Order of Intervention" both filed on April 14, 2023.

{¶2} The judgment of conviction indicates that appellee entered a plea of no contest to operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, as charged in counts two and three. The court sentenced appellee to serve three days in the Geauga Safety Center or complete a driver's intervention

program in 60 days; pay a $375 fine and costs; be fitted with a SCRAM unit for 60 days after release; and his driver's license was suspended for two years.

{¶3}  In the second entry, the trial court granted appellee's request for intervention in lieu of conviction and ordered that counts one and four be bifurcated from counts two and three for purposes of sentencing.  Appellee entered a plea of guilty to count one, improperly handling firearms in a motor vehicle and count four, endangering children.  The court ordered that all criminal proceedings against him are stayed and that he serve two years of rehabilitation/probation pursuant to the intervention plan.

{¶4}  R.C. 2945.67 governs those instances when a prosecutor may appeal which states in relevant part:

{¶5}  "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * *, and may appeal by leave of court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.  In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney * * * may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony."

{¶6}  In the present appeal, the first question that arises is whether the state may appeal the April 14, 2023 judgments as a matter of right or whether leave must first be obtained under the statute.  One judgment sentences appellee after he entered a plea of no contest to two misdemeanor OVI charges, and the other judgment grants appellee's

2

request for intervention in lieu of conviction on the charges of improperly handling firearms in a motor vehicle and endangering children after appellee entered a plea of guilty.

{¶7} We find that neither judgment qualifies as one which can be appealed by the state as a matter of right. Rather, they fall under the category of "any other decision" for which leave is required.

{¶8} The state indicates on its Docketing Statement that its probable issue for review is that the case bifurcation violates the intervention in lieu of conviction (ILC) statutory requirements and the One Document Rule. Without addressing the merits of state's issue, this court finds that leave was required to appeal the April 14 judgments, and because appellant failed to do so, this court lacks jurisdiction.

{¶9} In the present case, the state has not requested leave to appeal under App.R. 5(C). Thus, this court is without jurisdiction. *See State v. Mitchell,* 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460; *State v. Kole,* 11th Dist. Ashtabula No. 99-A-0015, 2000 WL 1460031, (Sept. 29, 2000).

{¶10} The appeal is dismissed, sua sponte.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

3

Case No. 2023-G-0014