FRYSINGER, APPELLANT, *v.*
LEECH, APPELLEE.

(No. 1-82-70—Decided August 19, 1983.)

*Mr. Jerry E. Dempsey* and *Mr. Carl G. McMahon,* for appellant.

*Mr. Lawrence S. Huffman,* for appellee.

COLE, J. This is an appeal from a judgment of the Court of Common Pleas of Allen County which affirmed the findings of a medical malpractice arbitration panel and entered judgment in favor of the defendant-appellee, Dr. Thomas Leech, M.D.

The plaintiff-appellant, Betty Frysinger, filed a complaint against the defendant alleging medical malpractice (negligence) in the performance of certain surgical procedures. On April 8, 1981, the trial court ordered, pursuant to R.C.

2711.21, that the cause of action be submitted to an arbitration panel. On December 8, 1981, the panel unanimously held that the doctor had not committed any compensable malpractice and that the claim should be denied. Appellant appealed the panel's findings in accordance with R.C. 2711.21 and a trial date was established.

On October 27, 1982, some seven days before this case was to go to trial, the appellant scheduled a deposition of an expert witness. On October 26, 1982, the appellee secured an *ex parte* protective order (Civ. R. 26) blocking the taking of the deposition for trial on the grounds of inadequate notice. Appellant then made a motion for an order voluntarily dismissing the case without prejudice pursuant to Civ. R. 41(A)(2). The court denied the request. Appellant thereafter dismissed the case without prejudice pursuant to Civ. R. 41(A)(1) on October 29, 1982 (8:13 a.m.). On the same day (9:48 a.m.) and after the cause of action had been dismissed the appellee made a motion to confirm the arbitration award and to order judgment thereon. On November 19, 1982, the court ordered judgment in favor of the appellee based on the arbitrators' findings.

The appellant raises two similar assignments of error, to wit:

"1. After a plaintiff had timely dismissed her case pursuant to Civil Rule 41(A)(1)(a), the trial court's subsequent entry of an order confirming a malpractice arbitration award and reducing the award to judgment, was contrary to law, was rendered without jurisdiction, was prejudicial to plaintiff's rights to a jury trial and amounted to a denial of due process.

"2. The trial court erred in granting an order confirming a malpractice arbitration award and reducing the award to judgment after the plaintiff had timely appealed the award pursuant to O.R.C. 2711.21."

Appellee asserts that the Civil Rules do not apply to medical malpractice cases

because they are special statutory proceedings within the meaning of Civ. R. 1(C)(7). Appellee has further stated that this is a question of first impression with no authority. We would not agree with this assertion.

In *Graley* v. *Satayatham* (1976), 74 O.O. 2d 316, 318, the Court of Common Pleas of Cuyahoga County stated:

"It is obvious that R.C. § 2307.42 is in conflict with the cited Civil Rules and by the mandate of the constitution, the Rule must prevail. The requirements of this section of the Code are, therefore, invalid."

In *Simon* v. *St. Elizabeth Medical Center* (1976), 3 O.O. 3d 164, 166, the Court of Common Pleas of Montgomery County stated:

"Neither Civil Rule 1(C) nor the Staff Notes explaining the rule provide an exhaustive list of special statutory procedures. Only a few actions, such as Small Claims, Forcible Entry and Detainer and Commitment of the Mentally Ill are specifically listed. Due to the substantial differences between R.C. § 2307.42 and the normal pleading procedure under the Civil Rules, one could reasonably conclude that the Legislature did intend R.C. § 2307.42 to be a statutory exception to the Civil Rules with respect to medical malpractice claims. The plaintiff states confidently, however, that a medical malpractice action is not a case of a special statutory proceeding but is, rather, a customary case presented before a Court for damages from negligence. * * * The following observations have, however, persuaded this Court to conclude that a medical malpractice claim does not fall within the 'special statutory proceeding' category. Firstly, a medical malpractice claim, being identical to any other negligence action, with the exception that there is a physician or hospital named as a party defendant, would normally present nothing dramatically unusual as far as procedure is concerned, whereas the actions specifically listed in Civil Rule 1(C) do possess attributes which differentiate them from most civil suits. Secondly, and more importantly, the fact that the Legislature has enacted special pleading requirements does not, in itself, convert what would otherwise be a negligence claim, and what has been traditionally considered a typical cause of action, into a 'special statutory proceeding.' If such were the case, the Legislature could change the pleading requirements with respect to any type of traditional cause of action, by enacting into statute the smallest change in procedure, with the result that the constitutional mandate of Article IV, Section 5(B) would be meaningless."

In *Hensley* v. *Henry* (1980), 61 Ohio St.2d 277, 279-280 [15 O.O.3d 283], the Supreme Court, in a medical malpractice appeal, concluded its opinion stating:

"The judgment of the Court of Appeals is thus reversed and the cause remanded to the trial court with instructions that it vacate its Civ. R. 41(B)(1) involuntary dismissal and *reinstate plaintiff's Civ. R. 41(A)(1)(a) voluntary dismissal without prejudice.*"

The Supreme Court's order in and of itself rebuts the argument that the Civil Rules do not apply to medical malpractice cases. See, also, *State, ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71 [21 O.O.3d 45].

We further note the inconsistency of appellee's argument in that he utilized Civ. R. 26(C) in obtaining a protective order against the expert witness deposition.

We would agree with the court in the *Simon* case, *supra.* An action in medical malpractice is essentially a tort claim. The provision for limitations of time upon the bringing of such actions is concerned with what are essentially tort claims (R.C. 2305.11). Therein a medical claim is defined as "any claim asserted in any civil action against a physician * * *." Except for the mandated interlude for arbitration the claim proceeds as any normal civil ac-

tion. If the award by the arbitrator is not accepted the claim must be awarded as provided in R.C. 2711.21, but its procedural nature is not changed. There still must be an answer to the amended complaint. Matters of discovery proceed as in other civil proceedings and the case proceeds to a jury trial. The section provides for certain evidentiary use of the arbitration decision but this, in our opinion, deals with a limited problem of evidence at trial and in no way changes what is otherwise a normal civil tort claim into a special proceeding. Many types of civil action have unique procedural steps, as for example, partition and foreclosure, but they do not thereby become special proceedings to be excluded by Rule 1(C) from normal application of the Civil Rules.

Moreover, Civ. R. 1(C) does not without qualification make the civil rule inapplicable to special statutory proceedings. It does so only "to the extent that they would be by their nature clearly inapplicable." There is nothing in the pleading provisions of R.C. 2711.21 which would make such rules clearly inapplicable. Once the award has been rejected and the amended petition filed the action proceeds in a normal manner to trial with the arbitration decision becoming an evidentiary matter.

We conclude that the Civil Rules governing dismissals are applicable to the action herein concerned. Whether they are applicable to the arbitration proceeding itself is not before us.

Further, Civ. R. 41(A)(1) provides that an action may be dismissed without prejudice without order of the court by "filing a notice of dismissal at any time before the commencement of trial * * *." This is an absolute right with no pertinent qualification and was appropriately exercised by the appellant.

We thus conclude that when the appellant invoked Civ. R. 41(A)(1)(a), regardless of reason or motive, the cause of action was properly dismissed without prejudice. Necessarily, once the cause of

action was dismissed the case was over, and the court did not have power or jurisdiction to make any further order.

Appellee raises the issue of the injustice of losing the effect of the arbitration panel's finding. Understandably appellee's concern is the effect of those findings, when this cause of action is filed again. The *res judicata* issue inherent in any subsequent case, however, must be saved for another day.

To this extent, and without reaching the constitutional jury question (*Greenhills Home Owners Corp.* v. *Village of Greenhills* [1966], 5 Ohio St. 2d 207 [34 O.O.2d 420]), the assignments of error are well-taken.

*Judgment reversed.*

MILLER, P.J., and GUERNSEY, J., concur.