DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} This case involves two consolidated appeals, 9th Dist. Nos. 22734 and 22757. In appeal number 22734, the Appellants, who are defendants and third-party plaintiffs in the case, have appealed from a May 9, 2005 judgment of the Summit County Court of Common Pleas that granted summary judgment against them on several of their third-party claims in this litigation. In a separate appeal, number 22757, Plaintiff Interstate Properties, Inc. has appealed from that same order, but has challenged only the portion of the order that held that any damages awarded to Interstate Properties would be measured by the diminution in the value of its property. Because that aspect of the trial court order is not yet final or appealable, appeal number 22757 is dismissed for lack of jurisdiction. To the extent that appeal number 22734 challenges a final appealable order, this Court affirms.
 I {¶ 2} This case stems from events that allegedly occurred during the construction of a Hampton Inn on Arlington Road in Akron during 2001. During the excavation of the land around the hotel, the excavators went onto the land of an adjoining property owner, Interstate Properties, Inc. ("Interstate Properties"), and allegedly damaged its property by removing some of the surface area of the land. Because a subcontractor had been hired to do the excavation work and several other parties were involved in the construction process and in the ownership and management of the hotel property, there was a dispute regarding which party was responsible for the alleged damages to the adjoining property.
 {¶ 3} The same subcontractor that allegedly damaged the adjoining property had been hired to build a retaining wall on the hotel property.[1] The retaining wall later collapsed, however, which allegedly caused a delay in the opening of the hotel. The failure of the wall was also alleged to have been the cause of an injury to one of the employees of the hotel management company during June 2002. Roger Carroll, a project manager, was seriously injured while walking near the retaining wall. Although the injured employee was not a party to this case, the employee had received worker's compensation benefits, and his employer anticipated that its worker's compensation premiums would increase as a result. Consequently, there was an issue regarding whether the subcontractor was responsible for the increased worker's compensation premiums.
 {¶ 4} On October 23, 2002, Interstate Properties filed this action against Prassana, Inc., the current owner of the hotel property. Interstate Properties alleged that Prassana had trespassed upon its property and caused damage by removing surface area and altering the topography. Interstate Properties later amended its complaint to add two additional defendants: N.P. Motel Systems, Inc., the entity that allegedly had owned the property during the construction process, and Naresh Patel, the statutory agent of NP Motel Systems, Inc. The trial court later granted leave to intervene to two additional party defendants: Bhole, Inc., the general contractors of the construction project, and Alliance Hospitality, Inc., the company that managed the hotel. Interstate Properties was later granted leave to add an additional defendant, Ratilal Patel, who was alleged to have directed the excavation work at the hotel as an agent or representative of Alliance Hospitality, Inc.
 {¶ 5} Although each of these defendants (Prasanna, N.P. Motel Systems, Inc., Naresh Patel, Ratilal Patel, Bhole, and Alliance Hospitality) had somewhat differing interests in this litigation, to the extent that this Court can refer to them collectively, these defendants will be referred to as "the Patel defendants" for ease of understanding.
 {¶ 6} The Patel defendants were later granted leave to add two third-party defendants, Source One Contractors, Inc. and its owner Sergio DiPaolo ("the Source One defendants"). The Patel defendants alleged that the Source One defendants were subcontractors who had done the excavation work that had allegedly damaged the adjoining property and, as independent contractors, were liable for the property damages sustained by Interstate Properties. The Patel defendants also alleged cross-claims against the Source One defendants: that their poor workmanship had caused the Patel defendants to sustain damages because the hotel was not ready to open as scheduled and because they expected to incur increased worker's compensation premiums due to the injury of the employee.
 {¶ 7} One additional party, Acuity, was also granted leave to intervene as a third-party defendant. Acuity is an insurance company with whom the Source One defendants, Alliance Hospitality, and NP Motel Systems, Inc. held commercial general liability insurance policies. Acuity sought a declaration of whether it had a duty to defend or indemnify these parties against any of the claims in this case.
 {¶ 8} At various times, each of the parties moved for summary judgment. On May 9, 2005, the trial court disposed of the pending motions, granting summary judgment on some grounds and denying it on others, the specifics of which will be explained below. On June 3, 2005, the trial court amended its May 9 order to add Civ.R. 54(B) language and this consolidated appealed followed.
 {¶ 9} In case number 22734, the Patel defendants appealed from the aspects of the order that granted summary judgment to third-party defendants and which denied portions of their summary judgment motion. In case number 22757, Interstate Properties appealed the portion of the trial court's order that determined that its property damages would be measured by the diminution in the value of its property, rather than by the cost of restoration.
 {¶ 10} Although this Court consolidated the two appeals, for ease of discussion, the appeals will be addressed separately.
 II Appeal Number 22757 {¶ 11} Initially, this court must determine whether it has jurisdiction to review the aspect of the trial court's order that has been appealed in case number 22757. Section 3(B)(2), ArticleIV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88.
 {¶ 12} Because this case involves multiple claims and multiple parties and the trial court's May 9, 2005 order disposed of fewer than all claims and parties, Civ.R. 54(B) is applicable here. Civ.R. 54(B) provides in relevant part:
"When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
 {¶ 13} Through a separate journal entry filed June 3, 2005, the trial court amended its May 9, 2005 order to include an express finding that "there is no just cause for delay." However, a finding of no just reason for delay, pursuant to Civ.R. 54(B), does not make appealable an otherwise non-appealable order. ChefItaliano Corp., 44 Ohio St.3d at 88-89.
 {¶ 14} To be final, an order also must fit into one of the categories set forth in R.C. 2505.02. See General ElectricSupply Co. v. Warden Electric, Inc. (1988), 38 Ohio St.3d 378,380. R.C. 2505.02(B)(1) provides that an order "that affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. The portions of the trial court's order that granted summary judgment to several defendants on entire claims against them "determine[d] the action" as to those parties, and thus was a final order pursuant to R.C. 2505.02. Summary judgment precluded any recovery on those claims. Together with the appropriate "no just cause for delay" Civ. R. 54(B) language that the trial court added on June 3, 2005, those aspects of the order were final and appealable, even though other portions of the order were not immediately appealable. See Celebrezze v. Netzley (1990), 51 Ohio St.3d 89,90, certiorari denied (1990), 498 U.S. 967, 111 S.Ct. 428,112 L.Ed.2d 412. Therefore, the May 9, 2005 order, with the later addition of the Civ.R. 54(B) language, is final and appealable, but only to the extent that it granted summary judgment on entire claims.
 {¶ 15} The portion of the order appealed by Interstate Properties did not dispose of an entire claim. Interstate Properties appeals from a pretrial determination by the trial court that any property damages that it may recover in this action will be measured by the diminution of its property value, not by the cost of restoration. There has yet to be a determination that any of the defendants is liable for the damage, nor has there been a determination that Interstate Properties did in fact incur damages. This aspect of the trial court's order did not resolve the issues of liability or damages and fails to satisfy any of the provisions of R.C. 2505.02. Although the trial court's decision on this damage issue may have affected a substantial right of Interstate Properties, it did not determine the action, nor did it prevent a judgment. See R.C.2505.02(B)(1).
 {¶ 16} Therefore, as Interstate Properties attempts to appeal from a non-final aspect of the trial court's May 9 order, over which this Court has no jurisdiction, appeal number 22757 is dismissed.
 Appeal Number 22734 {¶ 17} Most of the assignments of error raised by the Patel defendants in appeal number 22734 challenge portions of the trial court's order that were made final and appealable by the trial court's addition of Civ.R. 54(B) language, as several parties were granted summary judgment on entire claims. Consequently, this Court has jurisdiction to reach the merits of those assigned errors and will address them out of order to facilitate discussion.
 {¶ 18} The Patel defendants' second and third assignments of error will be consolidated and mentioned first because they likewise raise challenges to aspects of the trial court's order that are not final or appealable.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WERE LIABLE FOR THE TRESPASS OF THE INDEPENDENT CONTRACTOR, SOURCE ONE."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN FINDING A TRIABLE ISSUE OF MATERIAL FACT WITH RESPECT TO THE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AGAINST APPELLANTS."
 {¶ 19} Through their second and third assignments of error, the Patel defendants have challenged the trial court's judgment insofar as it denied portions of their own motion for summary judgment. Although their second assignment of error suggests that the trial court held that the Patel defendants were liable for the trespass, the trial court made no such holding. Instead, the trial court found that there were genuine issues of material fact regarding whether the Patel defendants were liable for the trespass, and therefore denied their motion for summary judgment on that claim.
 {¶ 20} The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02. Nayman v.Kilbane (1982), 1 Ohio St.3d 269, 271; Balson v. Dodds
(1980), 62 Ohio St.2d 287, 289. Unless some exception to the general rule applies, such as an order made in a special proceeding, see R.C. 2505.02(B)(2), the order is not final. SeeCelebrezze, supra. No such exception applies here and the portions of the trial court's order that denied the Patel defendants' motions for summary judgment are not final or appealable. Consequently, this Court has no jurisdiction to reach the merits of the second and third assignments of error and will not reach their merits for that reason.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS ARE NOT ENTITLED TO RECOVERY OF INCREASED WORKERS COMPENSATION PREMIUMS ON ACCOUNT THAT N.P. MOTEL SYSTEMS, INC., AND ALLIANCE HOSPITALITY INC., ARE THIRD-PARTY BENEFICIARIES TO THE CONTRACT EXECUTED BY BHOLE, INC., AND SOURCE ONE CONTRACTORS, INC., AND SERGIO DIPAOLO, AND THUS PROPERLY BROUGHT A BREACH OF CONTRACT CLAIM AGAINST THIRD PARTY DEFENDANTS AND ARE ENTITLED TO COMPENSATION FOR THEIR INCREASED WORKER'S COMPENSATION [PREMIUMS] AS A RESULT OF THIS CONTRACTUAL RELATIONSHIP."
 Assignment of Error Number Five
"THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WERE REQUIRED TO PRODUCE EXPERT TESTIMONY IN ORDER TO PROVE THAT [THE SOURCE ONE DEFENDANTS'] NEGLIGENCE PROXIMATELY CAUSED ROGER CARROLL'S INJURIES ON ACCOUNT THAT APPELLANTS PROVED THAT IT WAS THE NEGLIGENT FAILURE OF [THE SOURCE ONE DEFENDANTS] TO PROPERLY CONSTRUCT THE HAMPTON INN IN A WORKMANLIKE MANNER WHICH WAS THE DIRECT AND PROXIMATE CAUSE OF THE APPELLEE'S PROPERTY DAMAGE AND THE INJURY OF ONE OF ALLIANCE HOSPITALITY, INC.'S EMPLOYEES."
 {¶ 21} The fourth and fifth assignments of error will be addressed jointly because they pertain to summary judgment on the same claim. Through count five of the Patel defendants' third-party complaint against the Source One defendants, Alliance Hospitality raised a cross-claim for the increase in worker's compensation premiums that it expected to sustain because its employee had received worker's compensation benefits due to injuries he sustained at the Hampton Inn construction site. Alliance Hospitality alleged that the employee's injuries were caused by the Source One defendants' negligent work and/or breach of its contractual duty to perform its work in a workmanlike manner.
 {¶ 22} The Source One defendants moved for summary judgment on this claim, asserting two bases for summary judgment: (1) that there was no contractual relationship between the Source One defendants and Alliance Hospitality, and (2) that Alliance Hospitality could not establish that the employee's injury was caused by any negligence or inferior workmanship by the Source One defendants. The trial court found that the Source One defendants were entitled to summary judgment on this claim for each of these reasons. Because the second ground is dispositive of the entire claim, however, this Court will confine its analysis to the assertion of the Source One defendants that Alliance had no evidence that the employee's injury was caused by the negligent workmanship of the Source One defendants.
 {¶ 23} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 24} Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
 {¶ 25} A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims."Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v.Athens Cty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
 {¶ 26} To support its assertion that the Patel defendants had no evidence that the work of the Source One defendants had caused the employee's injuries, the Source One defendants pointed to the deposition testimony of Ratilal Patel, a representative of both Bhole and Alliance Hospitality, and his brother Naresh Patel, the president and CEO of NP Motel Systems, Inc. Ratilal Patel had testified that he did not know how the employee was injured. He explained that the employee was found by the site superintendent lying on the ground behind the retaining wall. Ratilal Patel further testified that he had talked to others at the construction site but that no one had any knowledge of how the employee's injury had occurred. Naresh Patel testified that he had spoken to the injured employee after the accident and that the employee told him that he had been walking by the retaining wall, talking on his cell phone, and then fell down.
 {¶ 27} Consequently, the Source One defendants met their burden on summary judgment to point to some evidence that the Patel defendants could not establish that the workmanship of Source One had caused the injury to the employee. The burden then shifted to the Patel defendants to point to evidence that would raise a genuine issue of material fact on that issue.
 {¶ 28} In response to the summary judgment motion of the Source One defendants, the Patel defendants did not attach or point to any evidence in the record to demonstrate that the work of the Source One defendants had caused the employee's injury. As was stressed above, the party opposing summary judgment may not rest upon mere allegations but must produce evidence setting forth specific facts which create a genuine issue for trial.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 29} Although the Patel defendants asserted that they had evidence to support this claim, they did not file that evidence with the court, but instead indicated that it was too voluminous to attach to their brief in opposition to summary judgment. There is nothing that requires a party the physically attach supporting evidence to its brief on summary judgment, however. The evidence must simply be filed with the court and the party must point the court to it. See Civ.R. 56(C).
 {¶ 30} In determining whether there is a genuine issue of material fact, "a court must inquire `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Wall v. Firelands Radiology, Inc. (1995),106 Ohio App.3d 313, 322-323, quoting Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 251-252, 106 S.Ct. 2505,91 L.Ed.2d 202. In this case, the evidence did not present any factual dispute, as the Patel defendants presented no evidence in support of their claim. Therefore, they failed to meet their burden on summary judgment to demonstrate that a genuine issue of material fact existed.
 {¶ 31} The Patel defendants further argue on appeal, as they did in their brief in opposition to summary judgment, that summary judgment is not proper in negligence cases. It is true that summary judgment is often inappropriate in negligence cases because "the trier of fact must evaluate conduct as negligent or non-negligent, even when the conduct is undisputed."Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272, 274. Summary judgment is appropriate, however, when "the plaintiff is unable to identify the cause of [his injury because], then `a finding of negligence on the part of the defendant is precluded.'" Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, at ¶ 50.
 {¶ 32} Because the Patel defendants failed to point to any evidence to connect the Source One defendants with the cause of the injury to Alliance Hospitality's employee, the trial court properly granted summary judgment to the Source One defendants on this claim. The fourth and fifth assignments of error lack merit.
 Assignment of Error Number Six
"THE TRIAL COURT'S HOLDING THAT APPELLANTS ARE NOT ENTITLED TO LIQUIDATED DAMAGES FOR DELAY IS CONTRARY TO THE EXPLICIT LANGUAGE OF THE SUBCONTRACT AGREEMENT."
 {¶ 33} Through their final assignment of error, the Patel defendants have argued that the trial court erred in granting the Source One defendants summary judgment on the claims against them by Alliance Hospitality and Prasanna for lost profits and other damages stemming from the delay in opening the hotel that was allegedly caused by the Source One defendants. Alliance Hospitality and Prasanna had based these damage claims on an alleged breach of the subcontractor agreement that had been executed by Source One in conjunction with its work at the Hampton Inn site.
 {¶ 34} The Source One defendants moved for summary judgment and alleged two reasons why Alliance Hospitality and Prasanna could not prevail against them on this claim: (1) there was no contract between the Source One defendants and either Alliance Hospitality or Prasanna, and (2) even if there was a contractual relationship, the terms of the contract did not provide for such damages.
 {¶ 35} The trial court found merit in the first argument asserted by the Source One defendants, that they had no contractual relationship with either Alliance Hospitality or Prasanna. "[A] contract is binding only upon parties to a contract and those in privity with them." Samadder v. DMF ofOhio, Inc., 154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 25. Through their motion for summary judgment, the Source One defendants pointed to the subcontractor agreement, and stressed that, although both Source One defendants were parties to the agreement, Alliance Hospitality and Prasanna were not. The contract was not signed by either Alliance Hospitality or Prasanna, nor did the contract name them as parties having rights or obligations under the contract.
 {¶ 36} Because the Source One defendants pointed to evidence that there was no contract upon which either Alliance Hospitality or Prasanna could base this claim, the burden shifted to the Patel defendants to point to evidence supporting their claim. SeeDresher, 75 Ohio St.3d at 293. In their response to the summary judgment motion, and again on appeal, the Patel defendants addressed only the second argument raised by the Source One defendants, that the language of the contract did not support a claim for damages. They presupposed that there was a contractual relationship and failed to even address the first argument of the Source One defendants that there was no contract between these parties. Because the Patel defendants failed to meet their burden to point to evidence of a contractual relationship between either Alliance Hospitality or Prasanna and the Source One defendants, the trial court did not err in granting summary judgment to the Source One defendants on this claim. The sixth assignment of error lacks merit.
 Assignment of Error Number One
"THE TRIAL COURT ERRED IN HOLDING THAT INTERVENER ACUITY'S COMMERCIAL GENERAL LIABILITY POLICIES ISSUED TO BOTH APPELLANT NP MOTEL SYSTEMS AND THIRD PARTY DEFENDANTS SOURCE ONE CONTRACTORS AND SERGIO DIPAULO DO NOT PROVIDE ANY COVERAGE IN THIS LITIGATION ON ACCOUNT THAT THE CLEAR AND UNAMBIGUOUS LANGUAGE IN BOTH ACUITY POLICIES PROVIDE COVERAGE FOR COLLATERAL PROPERTY DAMAGE PROXIMATELY CAUSED BY THE NEGLIGENCE OF THE INSURED, ITS CONTRACTOR AND SUBCONTRACTOR."
 {¶ 37} Through their first assignment of error, the Patel defendants have asserted that the trial court erred in granting summary judgment to Acuity on its declaratory judgment action, holding that Acuity had no duty to defend or indemnify the Patel defendants against the claims filed by Interstate Properties.[2]
 {¶ 38} Acuity moved for summary judgment, contending that it had no duty to defend or indemnify the Patel defendants against Interstate Properties' claims because the insurance policy explicitly excluded coverage for such damages. Although Acuity made numerous arguments in support of its motion and pointed to several provisions of the insurance policy, this Court will confine its discussion to the following argument. Acuity pointed to an exclusion in the commercial general liability policy:
"This insurance does not apply to:
"k. Damage to Property
"Property Damage to:
"(5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the property damage arises out of those operations."
 {¶ 39} Acuity maintained that this provision precluded coverage of the Patel defendants on the claims filed by Interstate Properties because Interstate Properties had alleged damage to its real property that was caused by the excavation work done at the Hampton Inn site. Acuity cited case law that explained that this exclusion applies to "works in progress." See, e.g., Spears v. Smith (1996), 117 Ohio App.3d 262, 266. In other words, this exclusion applies to preclude recovery for damage to real property that occurs while the construction is taking place and encompasses damage caused by the insured or those doing work on his behalf. Id.
 {¶ 40} Acuity pointed to evidence that the real property damage at issue in this case occurred while the construction was in progress. Acuity cited to the deposition testimony of Sergio DiPaolo, the owner of Source One who had performed the excavation work. DiPaolo testified that, while he was grading the area around the hotel, he went onto the adjoining property and sand and gravel broke off during the excavation. This evidence demonstrated that the damage was to real property on which a subcontractor of the Patel defendants was working, and the damage occurred during those operations. Consequently, Acuity pointed to some evidence that the remaining claims at issue in this case fell within the "works in progress" coverage exclusion in the Acuity policy.
 {¶ 41} In response to this argument on summary judgment, the Patel defendants asserted that this exclusion did not apply to this property damage, yet did not directly dispute any of the facts or legal arguments raised by Acuity. Rather than citing to cases that construed "works in progress" exclusions with identical or similar language, as Acuity did, the Patel defendants cited cases that construed exclusions with significantly different language.
 {¶ 42} Because the Patel defendants failed to cite any cases that construed the language of this specific exclusion, or language substantially similar to it, they failed to make a persuasive argument that the Acuity "works in progress" exclusion does not preclude coverage for the property damage at issue in this case. For example, the Patel defendants asserted that this exclusion does not apply to work performed by subcontractors, but they relied on a case that construed a different exclusion that applied only to work performed by the named insured. The exclusion at issue here, by its explicit terms, applies to work performed by employees or subcontractors as well as the named insured ("you or any contractor or subcontractor working directly or indirectly on your behalf"). Thus, the Patel defendants failed to demonstrate that the language of this exclusion is inapplicable to the facts of this case.
 {¶ 43} The Patel defendants also asserted that the property damage at issue was "collateral" damage that falls outside of this exclusion, but they again failed to support their argument with persuasive legal authority. This is essentially a two-fold argument: (1) that the property damage at issue was collateral damage and (2) that the exclusion quoted above does not encompass collateral property damage. This Court need not reach the issue of whether collateral damage fell outside the scope of the Acuity "works in progress" exclusion because the Patel defendants failed to establish that the damage at issue was "collateral."
 {¶ 44} The "works in progress" exclusion quoted above is typical of exclusions included in commercial general liability policies. Commercial general liability policies typically do not cover damages that are directly caused by the poor workmanship of the insured or, in this case, those doing work on their behalf. General liability policies are not intended to insure against a breach of contract or poor workmanship, but instead are intended to insure against "the unpredictable, potentially unlimited liability that can result from business accidents." See ErieIns. Exchange v. Colony Dev. Corp., 10th Dist. Nos. 02AP-1087 and 02AP-1088, 2003-Ohio-7232, at ¶ 29, citing 4 Bruner 
O'Connor on Construction Law (2002) 126-127, Section 11:37.
 {¶ 45} With that underlying concept in mind, when construing exclusions that apply to the work done by the insured, some courts have made a distinction between the damages that are the poor work product itself and those that are collateral or consequential to it. Collateral damage is not the actual poor work product; rather it consequentially flows from it. Examples of collateral damage include the additional property damage that results from a subsequent rain or other external factors, such as damage to the interior of a home or surrounding landscape caused by a leaky roof or a poorly installed drainage system. See ErieIns. Exchange v. Colony Dev. Corp. (2000), 136 Ohio App.3d 419,421-422.
 {¶ 46} Interstate Properties did not allege collateral damage to its property, nor did the Patel defendants point to any evidence that the damage was collateral or consequential. The undisputed evidence before the court demonstrated that the damage to the land of Interstate Properties was directly caused by, and occurred during, the excavation work done by the Source One defendants on behalf of the Patel defendants. Interstate Properties' land was not damaged by a subsequent rain and erosion; the excavators hauled away their soil, causing changes to the topography of the land while they graded the hotel property.
 {¶ 47} The Patel defendants failed to raise a genuine issue of material fact because they presented nothing to the trial court to demonstrate that the damages at issue even arguably fell outside of the "works in progress" exclusion quoted above. Therefore, the trial court properly granted summary judgment to Acuity, finding that it had no duty to defend or indemnify the Patel defendants against the claims of Interstate Properties. The first assignment of error lacks merit.
 III {¶ 48} Appeal number 22734 and the Patel defendants' second and third assignments of error in 22757 are dismissed for lack of a final appealable order. The Patel defendants' first, fourth, fifth, and sixth assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed in 22734 and appeal dismissed in 22757.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both Appellants.
Slaby, P.J., Moore, J., concur.
[1] Although that subcontractor apparently had hired another subcontractor to do the block work for the retaining wall, the second subcontractor never became a party to this lawsuit.
[2] Although the Patel defendants have also challenged that portion of the trial court's judgment that found that Acuity likewise had no duty to defend or indemnify the Source One defendants, they have no standing to appeal that holding. Although they might arguably have had standing to assert coverage issues on claims filed by them against the Source One defendants, those claims failed to survive summary judgment and this Court found no reversible error on those claims.