DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Katherine A. Stalnaker was injured when her car collided with a car driven by Laura Sisson. She sued Ms. Sisson, the manufacturer of her car, and Grange Mutual Casualty Co. After she settled with her car's manufacturer, Grange filed a motion for summary judgment, arguing that it was entitled to a setoff. The trial court denied Grange's motion and granted Ms. Stalnaker's cross motion for summary judgment. Because the trial court's order was not a final, appealable order, this Court dismisses Grange's appeal.
 FACTS {¶ 2} On November 9, 2003, Ms. Stalnaker was involved in an automobile collision with Ms. Sisson. She filed a complaint, alleging that Ms. Sisson had negligently and recklessly operated her car and that her car's manufacturer had defectively designed and manufactured her seatback. She also made a claim for uninsured motorist coverage against Grange. *Page 2 
 {¶ 3} After Ms. Stalnaker settled with her car's manufacturer, Grange filed a motion for summary judgment, seeking a setoff against the amount she had recovered. Ms. Stalnaker opposed the motion and filed a cross motion for summary judgment, arguing that the injuries she suffered from the defective seatback were enhanced injuries that were in addition to the injuries she suffered because of Ms. Sisson's negligence. In her motion, Ms. Stalnaker argued that "Grange is obligated to compensate [her] for the injuries she sustained as a result of the negligence of [Ms.] Sisson, pursuant to [her] uninsured motorist coverage. . . ." She requested that the court determine that Grange has an "obligation to provide coverage under [her] uninsured motorist policy."
 {¶ 4} The trial court agreed with Ms. Stalnaker, determining that the car manufacturer was "a successive tortfeasor, whom may not be held jointly liable with Sisson. Accordingly, Grange may not apply the 
settlement as a set off to uninsured motorist benefits due to Stalnaker." It "denie[d] Grange's motion for summary judgment, and grant[ed] Stalnaker's motion for summary judgment." The court later amended its order to state that "[t]here is no just reason for delay, pursuant to Civ. R. 54(B)." Grange has appealed, assigning two errors.
 FINAL ORDER {¶ 5} Before considering Grange's assignments of error, this Court must determine whether the trial court's order denying Grange's motion for summary judgment and granting Ms. Stalnaker's motion for summary judgment was a final, appealable order. The Ohio Constitution restricts an appellate court's jurisdiction to the review of final orders of lower courts. Ohio Const. art. IV, § 3(B)(2). "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp. v. Kent StateUniv., 44 Ohio St. 3d 86, syllabus (1989). *Page 3 
 {¶ 6} This Court must first "determine whether the order appealed was `final,' as defined by R.C. 2505.02." Wisintainer v. Elcen Power StrutCo., 67 Ohio St. 3d 352, 355 (1993) (quoting R.C. 2505.02(B)). Section 2505.02(B)(1) of the Ohio Revised Code provides that a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment." Section 2505.02(B)(2) provides that a final order is one "that affects a substantial right made in a special proceeding. . . ." Section 2505.02(B)(4) provides that a final order is one "that grants or denies a provisional remedy," but only if "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy [and] [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 7} To the extent that the trial court's order denied Grange's motion for summary judgment, it determined that Grange was not entitled to set off the amount the car manufacturer paid Ms. Stalnaker for her injuries. To the extent that it granted Ms. Stalnaker's motion, it determined that Grange was obligated "to provide coverage under [Ms. Stalnaker's] uninsured motorist policy" and "compensate [her] for the injuries she sustained as a result of the negligence of [Ms.] Sisson."
 {¶ 8} The trial court's order does not meet the requirements of a "final order" under Section 2505.02. There has been no determination that Ms. Sisson breached a duty of care, or that her breach caused Ms. Stalnaker's injuries. Because Ms. Stalnaker's claim against Grange will fail if she does not establish either of those elements of her negligence claim, the trial court's order does not determine the action or prevent a judgment for Grange. See Interstate Properties v. PrasannaInc., 9th Dist. Nos. 22734, 22757, 2006-Ohio-2686, at ¶ 15 (concluding that trial *Page 4 
court order that did not determine whether defendant was liable or whether plaintiff incurred any damages was not a final order); see alsoState ex rel. White v. Cuyahoga Metro. Hous. Auth., 79 Ohio St. 3d 543,546 (1997) ("Generally, orders determining liability in the plaintiffs' . . . favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment.").
 {¶ 9} The trial court's order was not made in a "special proceeding" such as a declaratory judgment action. See Gen. Accident Ins. Co. v.Ins. Co. of N. America, 44 Ohio St. 3d 17, paragraph two of the syllabus (1989) ("A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order."). It also did not grant or deny a provisional remedy. See R.C. 2505.02(A)(3) (defining "[p]rovisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86
of the Revised Code, a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code."). Furthermore, just because the court amended its order to include language under Civil Rule 54(B) that "there is no just reason for delay," does not affect its finality.Gen. Accident Ins. Co., 44 Ohio St. 3d at 21 ("Civ. R. 54(B) . . . is merely a procedural device. It cannot affect the finality of an order.").
 CONCLUSION {¶ 10} The trial court's order does not meet the requirements of a final order under *Page 5 
Section 2505.02 and Article IV Section 3(B)(2) of the Ohio Constitution. Grange's appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1