[Cite as *Stuck v. Miami Valley Hosp.*, 2020-Ohio-305.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DAVID M. STUCK | : | Appellate Court Case No. 28233 |
| | : | |
| *Plaintiff-Appellant /* | : | |
| *Cross-Appellee* | : | Trial Court Case No. 2017 CV 00139 |
| | : | |
| v. | : | |
| | : | |
| MIAMI VALLEY HOSPITAL, ET AL. | : | [Civil Appeal from |
| | : | Common Pleas Court] |
| *Defendants-Appellees /* | : | |
| *Cross-Appellants* | : | |

---

**DECISION AND ENTRY**
April 29, 2019

---

PER CURIAM:

{¶ 1} The plaintiff in the case below, David M. Stuck, appealed the trial court's decision dismissing one count of his complaint. Two groups of defendants have cross-appealed: Miami Valley Hospital and Premier Health Partners; and Travis L. Perry, M.D., Kelli Huesman, P.A., and Comprehensive Burn and Wound Specialists. We will refer to Stuck as Appellant (or Stuck) in this decision, and refer to the other filing parties collectively as Appellees where appropriate.

**{¶ 2}** The decision on appeal concerns the third count of Appellant's ten-count complaint, seeking "Declaratory Relief – Hospital Acquired Conditions." In that claim, Appellant "seeks [a] declaration from the Court that health conditions categorized as 'Never Events' and/or 'Hospital Acquired Conditions' be considered sufficient, standing alone, negligence per se and/or strict liability." Complaint at ¶ 42. He seeks this declaration to "change the required elements and burden of proof." *Id.* at ¶ 54.

**{¶ 3}** On November 28, 2018, the trial court granted Appellees' partial summary judgment motions[1] and dismissed the third cause of action. The court certified that there was no just reason for delay under Civ.R. 54(B). Stuck appealed, and Appellees cross-appealed. Appellees state in their notices of cross-appeal that they "specifically appeal the statement on page nine of the decision that, pursuant to Civ. R. 54(B), the Decision, Order, And Entry is a final appealable order and there is no just cause for delay."

**{¶ 4}** Appellees moved to dismiss Stuck's appeal for lack of a final appealable order. Currently pending before this court are:

1. Perry, Huesman, and Comprehensive's motion to dismiss, filed January 17, 2019;

   - Stuck's response to the motion to dismiss, filed February 4, 2019;

   - Perry, Huesman, and Comprehensive's reply in support of their motion to dismiss, filed February 11, 2019;

2. MVH and Premier's motion to dismiss, filed February 8, 2019;

   - Stuck's response to the motion to dismiss, filed March 8, 2019; and

---

[1] MVH and Premier filed the initial motion, which was joined by Perry, Huesman, and Comprehensive. Another group of defendants below, Erik Weise, M.D., and Dayton Physicians, LLC, also joined in the motion. This latter group did not file a cross-appeal.

- MVH and Premier's reply in support of their motion to dismiss, filed March 15, 2019.

Stuck also filed a document with "supplemental authority" regarding the pending motions.

**{¶ 5}** It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

**{¶ 6}** "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Onady v. Wright State Physicians, Inc.*, 2d Dist. Montgomery No. 27954, 2018-Ohio-3096, ¶ 7, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). R.C. 2505.02 defines final appealable orders and provides in relevant part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the

provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(1), (2), (4).

{¶ 7} Appellees primarily argue that the November 28 Decision is not final and appealable because other claims remain pending in the trial court. They assert that the Decision therefore does not satisfy the first statutory definition of a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 8} The Supreme Court of Ohio has held that " '[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or *some separate and distinct branch thereof* and leave nothing for the determination of the court.' " (Emphasis added.) *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). A decision dismissing some causes of action, while leaving some remaining does this:

R.C. 2505.02(B)(1) provides that an order "that affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. The portions of the trial court's order that granted summary judgment to several defendants on entire claims against them "determine[d]

the action" as to those parties, and thus was a final order pursuant to R.C. 2505.02. Summary judgment precluded any recovery on those claims. Together with the appropriate "no just cause for delay" Civ. R. 54(B) language that the trial court added on June 3, 2005, those aspects of the order were final and appealable, even though other portions of the order were not immediately appealable. *See Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, certiorari denied (1990), 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412. Therefore, the [order on appeal], with the later addition of the Civ.R. 54(B) language, is final and appealable, but only to the extent that it granted summary judgment on entire claims.

*Interstate Properties v. Prasanna, Inc.*, 9th Dist. Summit No. 22734, 2006-Ohio-2686, ¶ 14.

**{¶ 9}** Accordingly, this court has held that a decision granting partial summary judgment on some of the claims in a case and dismissing them, and appending a Civ.R. 54(B) certification, is a final appealable order as to the claims that were dismissed. *See, e.g., Dayton Childrens Hospital v. Garrett Day L.L.C*, 2d Dist. Montgomery No. 28047, 2018-Ohio-5466, ¶ 3, 20 (Dec. 12, 2018), *appeal not accepted*, 155 Ohio St.3d 1421, 2019-Ohio-1421 (April 17, 2019) (limiting the scope of the appeal to the claims dismissed on summary judgment that "are final because they are resolved, and appealable because of the inclusion of Civ.R. 54(B) language"); *Onady* at ¶ 3-5, 20 (dismissing appeal from the denial of summary judgment, but allowing cross-appeal from the *grant* of summary judgment to proceed); see also *Reid v. Daniel,* 2d Dist. Montgomery App. No. 26494 (Jan. 30, 2015) (order that granted partial summary judgment, declared an agreement valid, but left three claims pending, was final because of the Civ.R. 54(B) certification).

{¶ 10} This court routinely holds that an order dismissing or resolving some of the claims in a civil action is not final if the trial court does not certify that there is no just reason for delay. *See, e.g., Harrod v. USAA Insurance Company*, 2d Dist. Montgomery No. 28076 (Oct. 18, 2018) ("Where a cross-claim remains pending on the record, the order on appeal is not final without a Civ.R. 54(B) certification"); *Brown v. Good Samaritan Hosp. & Health Care Ctr.*, 2d Dist. Montgomery No. 15959, 1997 WL 165431, *6 (Mar. 21, 1997) ("Absent [Civ.R. 54(B)] certification, a final order is not appealable if, as here, other claims remain for determination"). It follows that if the trial court *does* certify that there is no just reason for delay, the order *is* final as to the dismissed or resolved claims. *See Noble v. Colwell*, 44 Ohio St.3d 92, 99, 540 N.E.2d 1381 (1989) ("Civ.R. 54(B) permits appeals of final orders even though additional claims and/or parties remain in the action"); *Dayton Securities Assoc. v. Becker*, 2d Dist. Montgomery No. 16240, 1997 WL 205997, *2 (Apr. 11, 1997) ("Because this case involves claims against multiple parties and because the trial court's summary judgment decision did not dispose of all of the Plaintiffs' claims against all of the parties, the trial court's judgment must be accompanied by a Civ.R. 54(B) certification of 'no just reason for delay' in order for it to qualify as a final appealable order").

{¶ 11} The reason that such orders – orders that both 1) leave claims pending and 2) do not contain a Civ.R. 54(B) certification – are not final and appealable is not because of the first condition but the second: because the trial court did not include a Civ.R. 54(B) certification. *See Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972) ("The trial court's entries of summary judgment in favor of Whitaker and Purdy pursuant to Civ.R. 56(A) could not, and did not, constitute final judgments under Civ.R. 54(B) because they failed to include 'an express determination' that there was 'no just

reason' for delaying the granting of summary judgment as to each of those parties"). If no claims were pending, Civ.R. 54(B) would be inapplicable, as it only applies where there is a *partial* final order on some but not all claims. *See Commercial Nat. Bank v. Deppen*, 65 Ohio St.2d 65, 66–67, 418 N.E.2d 399 (1981) ("Civ.R. 54(B) is only applicable when the court enters final judgment 'as to one or more but fewer than all of the claims or parties,' " but not where the order "adjudicated all the claims of all the parties"). We decline to adopt an interpretation of R.C. 2505.02(B)(1) that would render Civ.R. 54(B) superfluous in this fashion.

{¶ 12} Civ.R. 54(B), titled "Judgment Upon Multiple Claims or Involving Multiple Parties," anticipates the kind of partial final judgment at issue here. It currently provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter <u>final judgment as to one or more but fewer than all of the claims or parties</u> only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.) Civ.R. 54(B). Here, the trial court has entered a final judgment on one claim: the declaratory judgment claim articulated as the Third Cause of Action in Stuck's complaint. The trial court's decision is final under R.C. 2505.02(B)(1) because it determined that claim and prevents a judgment for Stuck thereon. It is appealable because the trial court certified that there was no just reason for delay under Civ.R. 54(B).

<u>Special Proceedings and Provisional Remedies</u>

{¶ 13} In his responses to the motions to dismiss, Stuck argues that the order is final under two different statutory sections, R.C. 2505.02(B)(2) and (B)(4). Subdivision (B)(2) defines as final an "order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." Stuck asserts that this order overruling a request for declaratory judgment concerns a special proceeding. Indeed, the Supreme Court of Ohio has held that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 22, 540 N.E.2d 266 (1989). However, the action below, while including claims for declaratory judgment, does not appear to be a declaratory judgment action.

{¶ 14} The Supreme Court has said that "it is the underlying action that must be examined to determine whether an order was entered in a special proceeding," rather than the order itself or particular issue raised therein. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 121, 676 N.E.2d 890 (1997) ("The type of order being considered is immaterial"). The underlying action here is a medical malpractice action that includes claims for declaratory judgment, apparently as a way to prove or substantiate the medical malpractice claims. *See* "Complaint for Medical Negligence and Other Health Care

Issues; Constitutional Challenge; Jury Demand," filed Jan. 10, 2017. "An action in medical malpractice is essentially a tort claim." *Frysinger v. Leech*, 10 Ohio App.3d 150, 151, 460 N.E.2d 1161 (3d Dist.1983). "Medical malpractice claims have long been recognized at common law." *LaValley v. Riverside Methodist Hosp.*, 10th Dist. Franklin No. 77AP-103, 1977 WL 200450, *1 (concluding that a medical malpractice action "is an ordinary civil action, not a special proceeding"); *Stevens v. Grandview Hosp. & Med. Ctr.*, 2d Dist. Montgomery No. 14042, 1993 WL 420127, *2, *vacated on reconsideration on other grounds*, 2d Dist. Montgomery No. 14042, 1993 WL 503230 ("medical malpractice cases were clearly recognized at common law").[2] We conclude that the order on appeal is not one that "affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2).

{¶ 15} Stuck also asserts that the November 28 Decision can be considered a provisional remedy. "An order that grants or denies a provisional remedy" may be final where both apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the

---

[2] *Stevens* was a medical malpractice case in which the trial court disqualified appellant's attorney and his attorney's firm from representing appellant. This court said: "Since medical malpractice cases were clearly recognized at common law, it would seem that any order entered in such an action is not a final appealable order unless it meets some of the other tests set forth in R.C. 2505.02, not pertinent here. We are not prone, however, to apply the syllabus of *Polikoff* in such a sweeping fashion that it renders all orders in suits that were recognized at common law as not being final appealable orders." *Stevens* at *2, citing *Polikoff v. Adam*, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993). The Supreme Court later clarified that this sweeping approach was the correct approach in *Walters*. Thus, had *Stevens* not been reconsidered and vacated because the disqualified attorney died, it is questionable whether its finality analysis survived *Walters*. We also observe that the final order statute was amended after *Stevens* to clearly define "special proceedings" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4). A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence * * *." R.C. 2505.02(A)(3).

{¶ 16} Stuck does not provide any analysis of the statute to support his statement that the November 28 Decision denies a provisional remedy, and we are not convinced that it does. The Decision dismisses a cause of action. It is not ancillary to the action; it is part of the action. *See Rose v. Primc*, 2d Dist. Montgomery No. 28186 (Jan. 18, 2019) (holding that the order dismissing plaintiff's claims was not a provisional remedy because it was "not ancillary to the main action – it *is* the main action"). We conclude that the November 28 Decision does not satisfy the definition of a provisional remedy.

{¶ 17} In sum, we find that the November 28 Decision is final under R.C. 2505.02(B)(1) as to the dismissed claim and is appealable because the trial court certified that there was no just reason for delay under Civ.R. 54(B). The motions to dismiss are therefore OVERRULED.

{¶ 18} We make no determination at this time about the admissibility of any evidence, as that issue is beyond the threshold issue discussed here of whether the November 28 Decision is a final appealable order. Stuck's request that this court rule that certain evidence is admissible at trial is therefore OVERRULED at this time.

{¶ 19} We also note that this determination that the November 28 Decision is a final appealable order that we may review is distinct from, and does not necessarily resolve, the issue that Appellees may raise in their cross-appeals about the propriety of the trial court's certification pursuant to Civ.R. 54(B).

{¶ 20} This appeal shall proceed. Stuck shall file his Appellant/Cross-Appellee brief within 20 days of the journalization of this Decision and Entry. *See* Loc.App.R. 2.21.

SO ORDERED.

_____
JEFFREY M. WELBAUM, Presiding Judge


_____
JEFFREY E. FROELICH, Judge


Copies to:

Dwight Brannon
Matthew Schultz
130 W. Second Street, Suite 900
Dayton, Ohio   45402
Attorneys for Appellant/Cross-Appellee, David Stuck

Neil Freund
Shannon Bockelman
One S. Main Street, Suite 1800
Dayton, Ohio   45402
Attorneys for Appellee/Cross-Appellants, Miami Valley Hospital and Premier Health Partners

Susan Blasik-Miller
Kevin Quinlan
One S. Main Street, Suite 1800
Dayton, Ohio   45402
Attorneys for Appellee/Cross-Appellants, Comprehensive Burn and Wound Specialists, Kelli Huesman, and Travis Perry, M.D.

John Welch
580 Lincoln Park Boulevard, Suite 222
Dayton, Ohio    45429
Attorney for Appellees, Dayton Physicians, LLC and Erik Weise, M.D.

Renal Physicians, Inc.
One Elizabeth Place, Suite 190
Dayton, Ohio    45419
Appellee

Hartford Life & Accident
P.O. Box 10432
Des Moines, IA    50306
Appellee

Hon. Michael W. Krumholtz
Montgomery County Common Pleas Court
41 N. Perry Street
P.O. Box 972
Dayton, Ohio    45422

CA3/KY